ISAAC KEIM and PETER B. GARESCHE, Trustees of THOMAS RYAN, Plaintiffs in Error, v. HOME MUTUAL FIRE AND MARINE INSURANCE COMPANY OF ST. LOUIS, Defendants in Error.

1. *Insurance—Application—Contract.*—Where an application for insurance was filed, and on the same day the company proceeded to make out and sign the policy, it ratified the application and its consent was complete. The acceptance of the proposal to insure for the premium offered is the completion of the negotiation.
2. *Insurance—Agreement—Notice of Fire.*—When the company accepted the premium and delivered the policy, the agreement to insure was complete and executed, and related back to the day when the application was filed and the policy made out and signed, and the insured was under no legal or moral obligation to notify the company that the building insured had been burned in the meantime.
3. *Insurance — Voluntary Contract — Suit brought, when.*—The contract of insurance is a voluntary contract, and the insurers have the same right to incorporate and impose the condition that all claims should be forfeited under it unless suit were brought to the next term of court, held sixty days or more after refusal of the company to pay, as they have to impose any other condition. If the insured objects to it, he is under no obligation to conclude the contract; but if he will voluntarily enter into it, he will be held bound thereby.
4. *Insurance—Suit, on what Contract*—The suit can only be brought on the contract as contained in the policy.

*Error to St. Louis Circuit Court.*

*Sharp & Broadhead*, for plaintiffs in error.

I. This was a valid and sufficient contract of insurance — Ang. on Fire and Life Ins. §§ 34, 47; Union Mut. Ins. Co. v. Com. Mut. Ins. Co., Law Rep. vol. 18, p. 610; 2 Dutch. 268; 2 Maine, 259; 9 How. 390; 3 Dutch. 645; 29 Barb. S. C. R. 312; 22 Barb. 527.

The defense of fraudulent concealment of the fact of the fire is predicated solely on the alleged transaction of Waterman more than a month after February 9th. The defenses of limitation are predicated solely on the conditions of the extended policy.

So with the defense of the non-payment of the premium, for *the contract* did not require prepayment of the premium.

The contract of insurance sued on cannot be defended by showing a failure to comply with a subsequent one.

*Hill & Jewett*, for defendants in error.

I. The evidence shows that the policy was made out the same day as the *contract* between the parties, and was ready for delivery upon *payment of premium*, and not otherwise. It further shows that Waterman did not consider himself insured until he got the policy, for he got it as soon as he heard of the fire and paid the premium.

II. By the second section of defendants' charter all persons who become *insured* in the company become *members* of the company, and are bound by the charter and by-laws made under it.

III. The evidence does not show any waiver of the terms of the by-laws, even if the secretary had power to waive them, which is denied — *Vide* Baxter v. Chelsea Mut. F. Ins. Co., 1 Allen (Mass.) 294.

IV. Both the charter and conditions of insurance attached to the policy, and made part of it, require the suit to be brought at the next term of any court in the county sitting sixty days after refusal to pay. The facts show that the plaintiffs' action should have been brought to the September term, 1860, of the

Circuit Court. It was not, and no waiver shown, and therefore the right of action expired — Cray v. Hartford F. Ins. Co., 1 Blatchf. C. Ct. (U. S.) 280; Williams v. Vermont Mut. F. Ins. Co., 20 Vt. 222; Gooden v. Amoskeag F. Ins. Co., 20 N. H. 73; Wilson v. Ætna Ins. Co. of N. Y., 27 Vt. 99; Dutton v. Vermont Mut. F. Ins. Co., 17 Vt. 369; Amesbury v. Bowditch Mut. F. Ins. Co., 6 Gray, 596; Fullam v. N. Y. Union Ins. Co., 7 Gray, 61; Brown v. Roger Williams Ins. Co., 5 R. I. 394; Brown v. Savannah Ins. Co., 24 Ga. 97; 31 Tenn. 448; Carter v. Humboldt F. Ins. Co., Sup. Ct. Iowa, June, 1861; Peoria Mar. and F. Ins. Co. v. Whitehill, 25 Ill. 466.

WAGNER, Judge, delivered the opinion of the court.

This was an action by plaintiffs on an application and policy of insurance issued by defendants to one A. M. Waterman, dated February 9th, 1860, on a building used for storage in Havana, Illinois — loss, if any, made payable to Thomas Ryan's trustees. From the record the facts appear to be that Waterman made application to the secretary of the insurance company, on the 9th of February, 1860, to have the property insured for the sum of $3,000. The application was accepted by the secretary, and the terms agreed upon, and the policy was to take effect from noon of that day; the policy was made out immediately thereafter and signed, and both the application and policy were permitted to remain in the hands of the defendants.

On the 14th of March, 1860, the building insured was consumed by fire, and after intelligence of that fact was communicated to Waterman he went to the office of the defendants, paid the premium, and obtained the policy. He did not disclose the fact of the building being burned up, when he got the policy, and the insurance company was ignorant of the fact when the same was delivered. As soon as knowledge of the burning came to the possession of the company, it refused to pay the loss and notified the plaintiffs accordingly.

The charter and by-laws of the company, which are in evidence, and which are attached as among the conditions of the policy,

provide that policies of insurance shall take effect at 12 o'clock, noon, on the day of approval at the office of the company, and shall be binding thereafter, providing the premium has been paid, and not otherwise. Section 14 of the charter, the same provision being incorporated as one of the conditions of insurance, provides that a party dissatisfied with the refusal of the company to pay may bring an action at the next term of court to be held in the county of St. Louis, unless such court shall sit within sixty days after the refusal to pay; and if so, then at the next term of court held in said county after the lapse of sixty days, and not afterward; and unless suit is so brought, all claim shall be forfeited under the policy. The case was submitted to the court without a jury, and on certain declarations of law being given the plaintiffs took a non-suit, and upon a refusal of the court to set the same aside a writ of error was sued out.

It is not necessary to notice the conflict in the testimony of Waterman and Salisbury, the secretary of the company, as to the alleged declarations made by the latter, that when the application was filed and the rate assented to by both parties the transaction was complete, and that Waterman was insured from that day; that there was nothing further to be done. This was a question of fact for the finding of a jury; but from the view the court seems to have taken of the case, it did not enter into its decisions. But there can be no doubt of one thing — that when the company on the same day proceeded to make out and sign the policy, it ratified the application, and its consent was complete. The acceptance of a proposal to insure for the premium offered is the completion of the negotiation.

On the acceptance of the terms proposed, the *aggregatio mentium* takes place; the minds of both parties have met on the subject in the manner contemplated at the time of entering into the negotiation, and the contract becomes binding on each—Tayloe v. The Merchants' F. Ins. Co., 9 How. (U. S.) 390 ; Hollock v. Com. Ins. Co., 2 Dutch. 268 ; 3 Dutch. 645.

It is laid down by Angell that, "when the negotiation for insurance is so far completed that nothing remains to be done but to deliver the policy, corresponding with the terms and date of

application, should a loss occur before the execution of the policy a court of equity would relieve the assured "—Ang. on Fire and Life Ins. § 34 ; I Duer on Ins. p. 66, § 10. There can be no doubt that the defendants would have considered the policy good if the fire had not occurred on the 14th of March, 1860, and that by its terms it would have related back so as to cover the risk from the 9th of February preceding. We can perceive no justice in allowing the company to say that the policy would have been binding and valid from the 9th day of February if no fire had occurred, but that it is void and of no effect because a fire took place on the 14th of March thereafter. When the defendants accepted the premium and delivered the policy, the agreement to insure was complete and executed, and related back to the 9th of February, 1860, and the insured was under no legal or moral obligation to notify the company that the building had been burned—Whittaker v. Farmers' Ins. Co., 29 Barb. 312 ; 2 Dutch. *supra*. We are inclined to think that the court erred in its declaration of law as relates to the foregoing proposition.

But one of the conditions annexed to the policy declared, as before stated, that all claims should be forfeited under it if suit was not brought to the next term of the court in St. Louis county, unless such court should be held within sixty days after the refusal of the party to pay, and then to the next court thereafter. It is agreed by the parties that the first term of the court before which the case might have been adjudicated was held more than sixty days after the defendants gave notice to the plaintiffs of refusal to pay the demand, and that no suit was brought. Conditions of this kind have been frequently introduced by insurance companies into their policies, and have been almost universally sustained. There are many good reasons, in cases of insurance against fire, why the insurers should introduce such conditions in their policies. The object is merely to compel a speedy determination of the controversy while the proofs and witnesses are accessible and all the matters pertaining to the contest are fresh in the recollection of the parties. They work no injury to the claimants, and may be of great benefit to the insurers. Moreover, the contract of insurance is a voluntary contract, and the

insurers have the same right to incorporate and impose this as they have any other condition; and if the assured objects to it, he is under no obligations to conclude the contract; but if he will voluntarily enter into it, he will be held bound thereby—Cray v. Hartford Ins. Co., 1 Blatchf. C. Ct. 280; Wilson v. Ætna Ins. Co., 27 Vt. 99; Brown v. Roger Williams Ins. Co., 5 R. I. 394; Amesbury v. Bowditch Ins. Co., 6 Gray, 596; Fullam v. N. Y. Ins. Co. 7 *id.* 61.

The suit can only be brought on the contract as contained in the policy; and one of the conditions of the policy agreed upon voluntarily between the parties operates as a limitation and precludes the plaintiffs from maintaining their action.

Judgment affirmed. The other judges concur.