Franklin Fire Insurance Company vs. William Taylor et al.

1. Insurance Policy: *Contract. Delivery of policy after loss.*
A court of equity will compel the issuance and delivery of an insurance policy after the loss, and enforce the payment of it, as if made in advance, where there has been a valid agreement for one before the loss. This will be done where the contract was by parol, and even where the charter of the insurance company requires all policies to be in writing.

Appeal from the Chancery Court of *Warren* County.

Hon. E. Hill, Chancellor.

The facts in this case necessary to an understanding of the principles announced are found in the opinion of the court.

It is assigned for error:

1. The court erred in rendering a decree in favor of complainants in the court below.

2. In not rendering a decree in favor of appellant, dismissing the bill.

---

---

*Upton M. Young* and *Magruder & Simrall* for appellant :

The contract must be clearly proved, and its terms must be specific.   3 Pars. on Con., 354 ; Buckmaster *v.* Thompson, 36 N. Y., 558.   The ground for interference is not the refusal, but fraud in refusing to complete the parol agreement.   Har. Ch., 124 ; 15 Mich., 499 ; ib., 381.   The contract must be mutual. Har. Ch., 420.   It must be fair, just, and certain.   12 Wis., 382.   Upon the facts in the case at bar the company is not bound to deliver a policy or pay the loss.   14 Pet., 77 ; 3 Pars. on Con., 345 ; May on Ins., 45, 159, 166 ; Story's Eq., § 741 ; 1 Johns. Ch., 630 ; 1 Miss., 72 ; 28 ib., 353 ; 40 ib., 507 ; 4 Wheat., 228 ; 11 Ves., 583–589.

*W. B. Pittman,* for appellees :

The contract is certain and should be specifically enforced. It was a policy written in regular form, signed and sealed, insuring the property described for one year for $5,000, at a premium of $250.   The company has produced the application and the survey on which the policy was written, and has the policy itself in its possession, which it has fraudulently concealed, and refuses to deliver to complainants.   *In odium spoliatoris omnia presumuntur.*   Therefore the court will presume that the policy was written in the usual manner, with covenants most favorable to complainants.   The fact that the premium had not been actually paid makes no difference.   17 Iowa, 277 ; Brogden *v.* Appleton Ins. Co., 42 Me., 259 ; Halleck *v.* Com. Ins. Co., 2 Dutch., 268 ; Kein *v.* Home Ins. Co., 42 Mo., 38 ; Flanders on Fire Ins., 116, 130 ; 46 Miss., 657.


CHALMERS, J., delivered the opinion of the court.

The bill was filed by appellees to compel the appellant to deliver an insurance policy against loss by fire, and for payment of the amount due thereon, the building alleged to have been protected by it having been burned.   The claim of appellees was that everything necessary to complete the contract transpired before the loss, and that appellant actually had in its keeping a valid policy belonging to appellees.   Appel-

lant denied that there was in existence any such policy, or that any valid contract for one had been made. It insisted that all that passed between its agent and appellees. amounted only to an application for insurance, which could not ripen into a contract, because not approved by the general. agents of the company, who were located in Kentucky, nor by the parent office in Philadelphia. —The case turned upon whether appellees were informed, at the time the application was made, that it must be forwarded for approval, or whether, as deposed by appellee Taylor, he was informed and led to believe, by the local agent of appellant, that the insurance was then complete, and nothing more remained to be done. The chancellor determined this question in behalf of the assured. We have carefully reviewed the testimony, and think that this finding was correct.

It is conceded, in fact, by the insurance agent that he so stated to Klein, who was the real party in interest, and for whose benefit the insurance was sought. Upon the faith of this statement Klein advanced his money.

It is well settled that a court of equity will compel the issuance and delivery of an insurance policy after a loss, where there has been a valid agreement for one before the loss, and will enforce payment of it, as if made in advance.

This will be done where the contract was by parol, and even where the charter of the insurance company requires all. policies to be in writing. It was so held by the Supreme Court of the United States in case of Franklin Ins. Co. v. Colt. Cent. Law Jour., March 26, 1875, p. 207. See, also, 42: Mo., 38 ; 2 Dutch., 268 ; 42 Me., 259 ; Phœnix Ins. Co. v. Hoffheimer, 46 Miss., 657.

Decree affirmed.