E. S. Brownfield *et al.*, Respondents, v. Phœnix Insurance Company, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Insurance: WHEN RISK BEGINS.** The contract or agreement to insure is the principal act, and, if this be settled upon, it is immaterial whether the premium be then paid or waived. The formal execution and delivery of the policy may be subsequent, and, if done as of the date of the principal act, it will relate back as having taken effect on that date.

2. **Insurance: DATE OF CONTRACT.** Where the question whether the contract was complete and unconditional, and the premium paid or provided for on a date prior to the loss, so that nothing remained to be done except the delivery of the policy, or whether the completeness of the contract so made depended on a subsequent ratification, which had not been effected when the loss occurred, was fully presented to the jury by the instructions given, there can be no ground of complaint in that connection by the defendant.

3. **Instructions: LETTER FROM DEFENDANT TO ITS AGENTS.** There was no error in the refusal to instruct that a letter written by the defendant to its agents did not constitute a ratification of the contract previously made ; such letter being incompetent to affect the rights of the plaintiffs.

4. **Instructions: PAYMENT OF PREMIUM.** Where there was evidence tending to show that the defendant's agents, having power to deliver policies and collect premiums, had either waived the payment of the cash premium, or had agreed to deduct the amount from the plaintiff 's account in a bank of which one of the agents was cashier, there was no error in refusing to instruct that, if the premium was not paid to the defendant before the loss, there could be no recovery.

5. **Evidence**: LETTERS AND TELEGRAMS AFTER LOSS. Letters and telegrams sent, after the destruction of the insured property, from the defendant to its agents, touching a cancellation of the policy, were properly excluded from the evidence.

*Appeal from the Pike Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

*W. W. Fry* and *W. O. Forrest,* for the appellant.

The court erred in admitting the policy in evidence. By plaintiffs' reply the policy was issued after the fire, and was void by its terms and they were not entitled to recover on it. Defendant's demurrer to this evidence should have been sustained. Under the pleadings, the policy was not competent evidence. Plaintiffs' reply entirely changed the cause of action. If, under the pleadings, plaintiffs were entitled to recover at all it was on a verbal contract of May 19, and proof of such contract should have been made. The court erred in admitting evidence of a contract for insurance of May 19. This action was based upon the policy of insurance and plaintiffs recovered on an alleged prior verbal contract, not pleaded but brought out by the proof alone. They sued on a contract of insurance and recovered on a contract for insurance. Wood on Ins., sec. 10. Plaintiffs cannot declare upon one cause of action and recover upon another. *Dougherty v. Matthews,* 35 Mo. 520 ; *Browning v. Walbrun,* 45 Mo. 477 ; *Henning v. Ins. Co.,* 47 Mo. 425 ; *Lanitz v. King,* 93 Mo. 518 ; *Clements v. Yeates,* 69 Mo. 623. Recovery can be had on no other grounds than the allegation of the petition. *Thrush v. City of Cameron,* 21 Mo. App. 394. By the petition defendant was informed that plaintiffs asked a recovery on a policy executed and delivered after the fire and defendant went into court prepared

to make defense to that allegation. On trial it was taken by surprise by being forced to make defense to a different and prior contract. Defendant was actually misled to its prejudice. R. S., sec. 3565. The letters and telegram offered by defendant were competent evidence bearing upon the question as to whether the risk had been accepted by the defendant, especially the letter dated on May 25. The agents had no authority to accept the risk and the question was, did the company accept it? In presenting the application and seeking its acceptance in this correspondence, Early & Booth were agents of plaintiffs. *Ins. Co. v. Ins. Co.*, 8 Mo. App. 408 ; *Lee v. Smith*, 84 Mo. 309. Instructions which are not predicated on the pleadings and evidence, or which ignore an issue or a material fact in the case, are erroneous. *Willis v. Stevens*, 24 Mo. App. 494 ; *Crews v. Lackland*, 67 Mo. 619 ; *Bank v. Murdock*, 62 Mo. 70 ; *Raysdon v. Trumbo*, 52 Mo. 38 ; *Swisler v. Storts*, 30 Mo. App, 168. By the terms of the policy it was void unless the premium was actually paid. While it might have been waived it could not have been waived by the agents "charging plaintiffs' account in the bank with premium," as the jury was instructed in plaintiffs' second instruction. Said agents could not have taken such liberty with plaintiffs' bank account. *Brownfield Bros. v. Ins. Co.*, 26 Mo. App. 402. The court erred in refusing defendant's second refused instruction, and also in adding the words "in the absence of a completed contract of insurance on the nineteenth of May, 1885," to second instruction given. Defendant's theory was that the risk had not been accepted at the time of the fire and this issue defendant was entitled to have submitted to the jury. This interlineation of the above clause by the court in defendant's instruction killed it, the court thereby clinging to plaintiffs' theory of the case, presented only that side of the case to the jury. The court refused defendant's fourth instruction as

asked and struck out the part in italics and gave it with said erasure. In this the court erred. The issue was whether there had been an acceptance of the risk, and defendants were entitled to have the jury instructed that this letter alone was not such acceptance as bound the defendant. This letter was the only evidence of acceptance and the jury should have been instructed that it was not sufficient.

*G. B. McFarlane* and *E. Robinson*, for the respondents.

There was no variance between the proof and the pleadings. The suit was on a contract of insurance as evidenced by the policy. A judgment was sought and secured on the policy alone. The policy being delivered after the negotiations were completed related back to the time of such completion, and was proper evidence of the contract. May on Insurance, secs. 43 and 44; *Lightbody v. Ins. Co.*, 23 Wend. 18; *Baldwin v. Ins. Co.*, 56 Mo. 151; *Keim v. Ins. Co.*, 42 Mo. 38; *Ins. Co. v. Colt*, 20 Wall. 560; *Brownfield v. Ins. Co.*, 26 Mo. App. 390. The court did not err in refusing to admit in evidence the letters and the telegram which passed between the defendant's office at Centralia and its office at Chicago, after both offices had been informed of the fire. *Brownfield v. Ins. Co.*, 26 Mo. App. 390. Agents with general powers, as these were shown to be, may waive the cash payment of the premiums, and the validity of the contract will not be affected by the credit being given until the delivery of the policy. *Baldwin v. Ins. Co.*, 56 Mo. 151; Wood on Fire Ins. (2 Ed.) p. 71, *et seq;* Wood on Fire Ins., pp. 77, 78; *Brownfield v. Ins. Co.*, 26 Mo. App. 390. On the trial of this case there was no question raised as to whether the contract was made on the nineteenth of May. It was admitted that the application was written out and signed; that the premium was agreed upon; and that the property

being insured was specified and the length of time for which the insurance should run was agreed upon. All of the parties substantially agreed to this, and the daily report made by Early & Booth and the entry on their register shows that everything was agreed to on that day. The letters and telegram were not admissible for the simple reason that the declarations of a party are not admissible as evidence in his favor. Defendant insists that plaintiffs' first instruction was not predicated on the pleadings and evidence. Defendant's own witnesses, agents Early & Booth, both testified that they had authority to make contracts of insurance and to issue policies ; and instructions to agents, as will be found in respondents' additional abstract, did not include such property as plaintiffs insured as hazardous risks ; nor was there any evidence to show that plaintiffs had any knowledge of any limitation in the authority of defendant's agents to issue policies on any kind of risks. It is insisted that by the terms of the policy it was void unless the premium was actually paid. A sufficient answer to that might be that the premium was paid before the policy was delivered. There was no evidence that plaintiffs had any information that any such provision would be contained in the policy, and plaintiffs would not be bound by any condition to which they had never agreed and about which they had no knowledge. Defendant insists also that the court improperly inserted in its second instruction the words, "in the absence of a completed contract of insurance on the nineteenth of May, 1885." If there had been a completed contract made on the nineteenth of May, then the instruction without the words added by the court would not have been proper. If the contract was completed no acceptance by the company would be necessary

BIGGS, J., delivered the opinion of the court.

This is a suit instituted on a policy of fire insurance, by which plaintiffs allege that the defendant agreed and

contracted with plaintiffs to insure their stock of goods against loss by fire for the period of one year, beginning on the nineteenth day of May, 1885, and ending on the nineteenth day of May, 1886. That afterwards, to-wit, on the twenty-fifth day of May, 1885, said stock of goods of the value of about three thousand dollars, was destroyed by fire.

Defendant denies that at the time of the loss, plaintiffs' goods were insured by defendant. That said stock of goods was destroyed on the morning of May 25, 1885, and that after the loss plaintiffs induced defendant's agent to issue and deliver to them the policy sued on, and at the time, fraudulently concealed from defendant's agents, the fact that said goods had been destroyed. That said policy was delivered to plaintiffs upon the express condition that it should be valid as a contract of insurance, only when the risk was approved and accepted by defendant, and that the same was never approved or accepted by defendant. That by the terms of said policy it was not to be valid, and defendant should not be liable thereunder until the premium was paid. Defendant alleged that the policy had never been approved or accepted by the defendant, and that the premium was never paid, and that for these reasons the defendant was not liable.

Plaintiffs replied to the new matter, and in substance said that the contract for the insurance was made on the nineteenth day of May, as alleged in their petition ; that the premium was paid on that day, and that the policy for lack of time was not written out and delivered at that time. That on May 25, after the destruction of the goods, the policy was delivered to plaintiffs, and that this was done in pursuance of the contract made on the nineteenth, as alleged in their original petition. That the contract as made provided for the insurance of plaintiff's goods from the nineteenth of May, 1885, and the policy was dated on said day.

There was a trial by jury resulting in a verdict for plaintiffs, for eleven hundred and fifty-eight dollars. The original amount of the policy was one thousand dollars. Defendant's motions for new trial and in arrest of judgment were overruled and it brings the case here by appeal.

It appears from the brief of counsel on both sides that this is the same case that was decided by the Kansas City court of appeals, and reported in volume 26, page 390 of the court of appeals reports. The record should have affirmatively shown this fact, and not left the question to mere inference or conjecture by this court. But the question is an immaterial one, as we are not disposed to take issue with the Kansas City court of appeals, on any legal question decided in the case, and, in determining the question involved in this record, we will assume that the cases are the same. Plaintiffs' evidence tended to prove that on the nineteenth day of May, 1885, plaintiffs made a contract with Booth & Early, defendant's agents at Centralia, Missouri, for a policy on their stock of goods for one thousand dollars, commencing on the nineteenth day of May, 1885, and ending on the nineteenth day of May, 1886. That Booth & Early were the general agents of defendant, at Centralia, to solicit insurance, with power to collect premiums and issue and deliver policies. That the policy was not delivered on the nineteenth of May, because plaintiffs could not wait until it could be prepared ; that said agents were instructed to send it to plaintiffs through the mail. That one of the plaintiffs signed the application for insurance, but he did not understand that this postponed the insurance of plaintiffs' property until the application was accepted by defendant. That plaintiffs understood the application to be merely formal, and that the contract for the insurance of the goods was completed on that day. That one of defendant's agents was the cashier of a bank at

Centralia, and that on the said nineteenth day of May, plaintiffs had sufficient money on deposit in this bank to pay the premium on the policy. That it was then and there agreed between plaintiffs and the cashier, that the premium should be paid by the cashier charging plaintiffs' bank account with the amount. That the goods were destroyed by fire on the morning of the twenty-fifth, and that one of the plaintiffs went to Centralia, and without informing defendant's agents of the loss, procured a delivery of the policy, and as the cashier had failed to charge plaintiffs' account with the amount of the premium, plaintiffs on said twenty-fifth day of May drew their check on the bank for the amount, and gave it to the cashier.

On the other hand the defendant's evidence tended to prove that Booth & Early had no authority to deliver policies, when the risk was extra hazardous, as was the case with plaintiffs' stock of goods, without sending to defendant's general office, a written application by the owner, for the risk. That if such an application was approved by defendant, then Booth & Early had authority in such cases to make out and deliver policies of insurance. That this limitation on the power or authority of defendant's said agent was known to plaintiffs. That on the nineteenth day of May, 1885, one of the plaintiffs made such an application, and that he was then informed that the contract of insurance could not be completed and would not be valid, until the defendant had approved of his application. That if it was so approved, then the policy would be issued and dated as of the nineteenth of May, the day the application was made.

Defendant's testimony tended to show that at the time of the loss, the risk had not been approved by the company, but was held in abeyance, until further investigation could be made. That before the matter was determined the loss occurred. That there was no

arrangement between the plaintiffs and defendant's agents, that the premium should be paid by charging plaintiffs' bank account with the amount. That on the twenty-fifth day of May, after the loss occurred, the defendant's agent at the solicitation of one of the plaintiffs, and believing that defendant would accept and approve the risk, delivered to plaintiffs the policy, but at the same time informed them that the delivery was only made, on the condition that the defendant should accept the risk. That the premium was not paid until the twenty-fifth, and was then paid by a check drawn on plaintiffs' account with said bank. That after the policy was delivered and the premium paid, then plaintiffs informed defendant's · agent of the loss. That thereupon they tendered back the premium and demanded a delivery of the policy.

Plaintiffs deny that they had any knowledge of the limitation on the authority of defendant's agent to issue and deliver policies, as attempted to be shown by defendant's testimony.

It will be readily perceived that the real controversy between plaintiffs and defendant is, as to the character of the contract entered into between the parties on the nineteenth of May, and also whether the insurance premium was paid on that day, or its payment waived. Plaintiffs contend that this was a valid and complete contract of insurance, and that the failure to deliver the policy, until after the loss, did not vitiate the contract. That when the policy was delivered it related back and took effect from the date of the contract of insurance.

The defendant's contention was that the contract of insurance, made on the nineteenth, was a conditional one, and that the defendant was not to be held liable thereon, until the defendant had received at its office in Chicago, and had approved, plaintiff's application for the insurance. That this application had not been approved by defendant at the time of the loss, and

hence there was no valid contract of insurance. Defend-
ant also claimed that the premium had not been paid
prior to the loss, and as the policy provided that the
company should not be liable thereon until the pre-
mium was paid, that plaintiffs could not maintain their
suit.

The case was presented substantially in the same
way to the Kansas City court of appeals, and as the
trial court had failed to properly present defendant's
theory of the contract to the jury, and had submitted
the question of the payment or waiver of the payment
of the premium on insufficient testimony, the case was
reversed and remanded.

The case on the last trial was submitted to the jury
on the following instructions :

PLAINTIFFS' INSTRUCTIONS.

I.   If the jury believe from the evidence in the case
that Early & Booth were the agents of the defendant, and
as such had authority to make contracts of insurance,
receive premiums and issue policies for the defendant,
and that on the nineteenth day of May, 1885, the said
Early & Booth, or either of them, on behalf of the
defendant agreed with the plaintiffs to insure their
stock of goods for one thousand dollars, against loss by
fire from the nineteenth day of May, 1885, to the nine-
teenth day of May, 1886, in consideration of a premium
of $17.50 to be paid by plaintiffs, and that the amount of
the premium and the mode of its payment was fixed
and agreed upon, and that plaintiffs' said stock of goods
was consumed by fire on the twenty-fifth day of May,
1885, and that on said twenty-fifth day of May, 1885,
after the property had been destroyed by fire, the said
agents, Early & Booth, issued and delivered to the plain-
tiffs the policy sued on in pursuance of said contract of
insurance made on the nineteenth day of May, 1885 ( if

such contract was made ), then the verdict must be for the plaintiffs for the amount of said policy with interest from the seventeenth day of September, 188~ .t six per cent. per annum.

II.    The court instructs the jury what whilst the defendant had a right to insist upon the actual payment of the premium before the contract of insurance would take effect, yet, the defendant might lawfully waive the right to a cash payment and if the jury believe that the defendant, through its agent, Early & Booth, agreed with plaintiffs that the premium might be paid in the future or that said agents would themselves charge plaintiffs' account in the bank with the premium, then such an agreement would constitute a waiver of the right to actual cash payment and the case would stand in that respect the same as if the premium had been actually paid in cash into the hands of the agents at the time of making the application for insurance.

III.    The court instructs the jury that if they believe from the evidence that the defendant through its agents, Early & Booth, agreed with plaintiffs before the fire, to insure their said stock of goods against loss or damage by fire as defined in the first instruction, but failed to deliver the policy of insurance until after the fire, then the plaintiffs were under no obligations to inform defendant or its agents at the time they received the policy that the property had been burned, and the fact that they remained silent as to the fact was no fraud, and constitutes no defense to this action.

IV.    The court instructs the jury that plaintiffs are not bound by any private or special instructions given their said agents, Early & Booth, unless it has been shown by the testimony in this case that plaintiffs had knowledge of such instruction at the time the contract was made for the insurance, or at the time the policy was delivered, or were informed of such facts, as under

Brownfield v. Phœnix Ins. Co.

the circumstances, would have put a reasonable man on inquiry as to the scope of the authority of said agents.

To t?  ;iving of said instructions defendant duly excep'. .

### DEFENDANT'S INSTRUCTIONS GIVEN.

I.   The court instructs the jury that the defendant is not liable to plaintiffs for loss under and by virtue of the policy offered in evidence at all, and unless there was a mutual completed contract before the fire, and on the nineteenth day of May, 1885, by which defendant was bound to plaintiffs for loss by fire, then the verdict must be for the defendant.

II.   The court instructs the jury that if plaintiffs' property was destroyed by fire before plaintiffs' application was accepted by defendant, then the verdict must be for the defendant, *in the absence of a completed contract of insurance on the nineteenth of May, 1885,* and the jury are instructed that there must have been some affirmative acceptance of the insurance asked for to have bound defendant; and if there was further information asked for as to said property, and such information was not received by defendant before the fire, then there was no acceptance, and the verdict must be for defendant.

The court refused said last instruction as presented and added the words in italics and then gave it, to which action of the court defendant objected and excepted.

III.   The court instructs the jury that if they believe from the evidence in the case that the property insured by the policy upon which this suit is founded was of a nature and kind that under the rules of the company it required an application on the part of the assured to be forwarded to the company, and the assent of the company to the issuing of said policy, and if the jury believe

the plaintiffs were informed of that fact when the appli-cation for the insurance was made, then the delivering of the policy of insurance by the agents to the plaintiffs did not bind the company and you will find for defend-ant, unless you further find from the evidence the defendant had approved said insurance prior to the delivery of said policy.

IV. The court instructs the jury, if they find from the evidence in the case that plaintiffs when they applied to Early & Booth for insurance on May 19, 1885, knew or were advised that it was necessary to make an application in writing for such insurance, and did make the application read in evidence, and that they knew or were advised that said application must be sent to defendant's general office in Chicago for acceptance, and it was so sent to Chicago for acceptance, and the jury believe that the company did not affirmatively accept said insurance asked for before the property was destroyed by fire, then the verdict must be for the defendant. *And the jury is further instructed that the letter read in evidence from the company dated Chicago, May 22, 1885, was not such acceptance as bound the defendant.*

The court refused to give the instruction as offered, but struck out the part in italics and gave the remain-ing part of the instruction and defendant excepted.

Defendant assigns for error, (1) That the court gave improper instructions for plaintiffs. (2) That defend-ant's instructions should have been given as asked. That the court ought not to have modified them. (3) That the two instructions asked by the defendant and refused by the court should have been given. (4) That the court committed error in rejecting competent and proper testimony offered by defendant. (5) That there was a variance between the proof and the pleadings.

Defendant's counsel contends, "that there was a variance between the proof and the pleadings ; that the policy ought not to have been read in evidence ; that

plaintiffs' action was on a contract *of insurance* and they recovered on a contract *for insurance.* In contracts of insurance, where the parties agree on the subject-matter of the insurance and the premium to be paid, the contract is complete and the delivery of the policy, and the payment or the premium may be made then or at some subsequent time. If the policy is not executed and delivered until a subsequent date, it relates back and takes effect from the date of the contract.

In case of *Keim v. Ins. Co.,* 42 Mo. 41, the court says : " The acceptance of a proposal to insure for the premium offered is the completion of the negotiation. On the acceptance of the terms proposed, the *aggregatio mentium* takes place ; the minds of both parties have met on the subject in the manner contemplated at the time of entering into the negotiation, and the contract becomes binding on each." It is laid down by Angell, "that when the negotiation for insurance is so far complete that nothing remains to be done but to deliver the policy, corresponding with the terms and dates of the application, should a loss occur before the execution of of the policy, a court of equity would relieve the assured." In the *Keim case,* the contract of insurance was made before the loss, but the policy was left with the agent and was not delivered and the premium not paid until after the destruction of the property. The insurance company was held liable under the policy and the court decided that plaintiff was under no obligation to inform the company of the loss. That in any event, he was entitled to the policy.

In case of *Lightbody v. Ins. Co.,* 23 Wend. 18, the court says : "If the policy was well delivered, it took effect from the day of its date which was the day on which the premium was paid, and the contract concluded." In case of *City of Davenport v. Ins. Co.,* 17 Iowa, 288, the court said : "The contract or agreement to insure is the principal act, and, whether the

premium is paid or waived, it is an immaterial circum-
stance, and the formal execution of the policy may be
a concurrent or subsequent act, and if subsequent and
made as of the date of the principal act, it will have
relation back to the doing of the principal act."

Under plaintiffs' theory of the case under considera-
tion, the suit was properly brought on the policy, and
the allegation in the petition, that the insurance was
effected on the nineteenth day of May, was sustained by
proof that the policy was delivered on the twenty-fifth
of May, provided it was executed and delivered in pur-
suance of a completed and unconditional contract of
insurance made on the nineteenth of May.   This assign-
ment will have to be ruled against the defendant.

Neither can we agree with counsel for the defendant
as to the instructions in the case.  As stated in a
previous portion of this opinion the real controversy
between plaintiffs and defendant was, as to the nature
and extent of the negotiations between the parties on
the nineteenth of May, 1885.   The plaintiffs on the one
hand contending that there was a complete and uncon-
ditional contract of insurance entered into on that date ;
that the payment of the premium was actually made or
provided for, and that nothing remained to be done
except the delivery of the policy.  The defendant
denied this, and contended that the validity of the con-
tract depended on the subsequent ratification and
approval of the risk by defendant.   The court under-
took by the instructions given, both for plaintiffs and
defendant, to submit to the consideration of the jury
the respective theories of the parties.   We think this
was fairly done, and that in order to do this and make
the instructions harmonious as a whole, the modifica-
tions by the court of defendant's instructions were nec-
essary.   There was testimony on both sides authorizing
the instructions, and, as they presented the case fairly
to the jury, we can see no ground for defendant's
complaint.

The fourth instruction as asked by defendant declared as a matter of law that the letter of the general manager of defendant, under date of May 22, 1885, and addressed to defendant's agents at Centralia, was not such an acceptance of the risk on plaintiffs' property as bound the defendant. The court declined to so instruct and the defendant assigns this for error. Just on what principle this letter, in the first instance, was competent evidence, is not apparent to us. It was a communication between the defendant and its agents, and we have been unable to conjecture just how this letter could possibly bind the plaintiffs, or become competent testimony in the case. If defendant had not at the date of the loss approved plaintiffs' application, or had rejected it as now claimed, the deposition of the general manager could have been taken to prove such facts, and thus an opportunity for cross-examination would have been afforded plaintiffs. If the letter was improperly read in evidence, defendant cannot object that the court refused to instruct the jury, as to its legal effect. But aside from this view, we are not prepared to say that the instruction as presented was not a comment on the testimony, and that the court properly modified the instruction on that account.

Defendant asked the court to instruct the jury that if the premium was not paid to defendant before the property was destroyed, then there could be no recovery. The court refused to give this instruction and defendant assigns this action of the court for error. This instruction was properly refused, because an agent possessing general powers, that is, the power to deliver policies and collect premiums, has the right to waive the cash payment of the premiums. *Baldwin v. Ins. Co.;* 56 Mo. 151; *Brownfield v. Ins. Co.*, 26 Mo. App. 390. There was evidence in the case tending to prove that defendant's agents either waived the cash payment, or agreed to deduct the same from plaintiffs' account in

the bank, of which one of defendant's agents was cashier. Defendant also offered in evidence some letters and telegrams from defendant to its agents at Centralia, touching the cancellation of the policy. These letters and telegrams bore date after the destruction of the property. The court excluded them and we think very properly. This identical question was passed on by the Kansas City court of appeals in this case, or what is supposed to be this case, and it was decided adversely to defendant. We think the evidence was properly excluded. After the defendant's liability became fixed, nothing it could say or do could in any manner affect or interfere with plaintiffs' rights under the policy.

We find no substantial error in the record. The case was submitted to the jury under proper instructions, and, as the evidence in this case warranted the verdict, the judgment will be affirmed. All the judges concur.