Frank Bearup, Appellant, v. The Equitable Life Assurance Society of the United States, a Corporation.—No. 38465.—172 S. W. (2d) 942.

Division Two, July 6, 1943.

*Dwight Roberts* and *Earl J. Boughan* for appellant.

*William C. Michaels,,Kenneth E. Midgley* and *Michaels, Blackmar, Newkirk, Eager & Swanson* for respondent.

BOHLING, C.—The issue presented is whether a certain contract of insurance is a New York or Missouri contract, and, consequently, governed by the law of New York or of Missouri. The insurer's demurrer to the named beneficiary's assignee's (hereinafter designated beneficiary) petition was sustained. The following is the effect of the allegations in the petition.

Insurer's agent secured insured's application on February 11, 1935, at Kansas City, Missouri, for a $5,000 ordinary life insurance policy, carrying double indemnity accidental death benefits. Insured's application for insurance to insurer recited that insured agreed "that

any policy issued hereon shall not take effect until the first premium thereunder has been paid during my good health''; that only insurer's president, vice-president, secretary, treasurer, a registrar or an assistant registrar had power to make or modify any contract or waive any of insurer's requirements, et cetera; that the statements in the application and medical examination were true and offered as an inducement for the issuance of the policy applied for; and that insured paid to a local agent $172.20 annual premium in accordance with a receipt, which insured accepted and agreed to. Said receipt (immaterial portions omitted) read:

''Received of Murray Barrett One Hundred Seventy two & 20/100 Dollars, the first annual premium on proposed insurance, for $5,000.00 on the life of Murray Barrett for which Part I of an application . . . is this day made to The Equitable Life Assurance Society of the United States. Insurance . . . shall take effect as of the date of this receipt, provided satisfactory Part II of the application is furnished to the Society and provided the applicant is on this date in the opinion of the society's authorized officers in New York, an insurable risk under its rules [944] and the application is otherwise acceptable on the plan and for the amount and at the rate of premium applied for; otherwise the payment evidenced by this receipt shall be returned on demand and the surrender of this receipt. . . . ''

The policy, dated February 11, 1935, was issued insuring insured ''against the loss of life,'' and said policy further provided that if death resulted solely from (briefly stated) accidental means ''an additional death benefit'' of $5,000 would be paid. Insured committed suicide while insane on November 15, 1940. The petition further explicitly alleged: ''Plaintiff further states that under the laws of New York, death by suicide while sane or insane is not accidental death.'' [Missouri law differs. Sec. 5851, R. S. 1939.] Insurer paid the $5,000 ordinary life benefit. The beneficiary seeks the recovery of the $5,000 accidental death benefit, with interest thereon from November 15, 1940, plus $500 for ''vexatious refusal to pay'' and ''$2,500 for the institution and prosecution of this action,'' total $8,000.

Insurer makes a point that appellate jurisdiction is in the proper court of appeals on the ground claims of the beneficiary amounting to $3,000 based on vexatious refusal to pay are sham and colorable only. Cleaver v. Central States L. Ins. Co., 346 Mo. 548, 562[9], 142 S. W. 2d 474, 481[9, 10]; McNabb v. Niagara Fire Ins. Co., 224 Mo. App. 396, 403, 22 S. W. 2d 364, 367[4]; Delametter v. Home Ins. Co., 233 Mo. App. 645, 666, 126 S. W. 2d 262, 271[14, 16]; Harms v. Mutual L. Ins. Co. (Mo. App.), 127 S. W. 2d 57, 60[4], are cited to the vexatious delay issue being sham and colorable; and Wolff v. Mathews, 98 Mo. 246, 247, 11 S. W. 563, May v. Jarvis-Conklin Mtg. Trs. Co., 138 Mo. 447, 449, 40 S. W. 122; Ashbrook v. Willis,

338 Mo. 226, 228, 89 S. W. 2d 659, 660; Vandenberg v. Kansas City, Mo., Gas Co., 199 Mo. 455, 458, 97 S. W. 908, 909; Esmar v. Haeussler, 341 Mo. 33, 34[1], 106 S. W. 2d 412[1], on the amount in dispute. The cited cases do not rule the precise issue, which, somewhat novel, may possess merit. Our review of cases treating of the merits indicates that conflicting remarks exist in different opinions; remarks that cannot be harmonized, if they be followed to their logical conclusions, with results reached in the several cases. The case is before us on a demurrer to the petition, admitting the truth of the facts well pleaded. We think we may not say that the existing state of the law is so stare decisis on the precise issue on the merits as to cause the beneficiary's claim for vexatious delay to be "not in good faith," a "sham," "colorable only," and nothing more than a "mere stroke of the pen in the petition." The point is disallowed in the instant case.

■ The litigants are agreed that the law of the place where the contract was made governs. The beneficiary contends the insurance was consummated upon the taking of the application and medical examination, the payment of the first year's premium and the issuance of a receipt therefor in Missouri on February 11, 1935. Insurer contends the contract was completed upon insurer's authorized officers accepting insured's application in New York.

The beneficiary says the identical issue was discussed in Kempf v. Equitable L. Assur. Soc. (Springfield Ct. Apps.), 184 S. W. 133, l. c. 136-137; and the theory is not new, having been recognized in Keim v. Home Mut. F. & M. Ins. Co., 42 Mo. 38, 41, 42; Brownfield v. Phoenix Ins. Co., 35 Mo. App. 54, 67; National City Bank v. Missouri St. L. Ins. Co., 332 Mo. 182, 57 S. W. 2d 1066. He states the Kempf case "was reversed" on a different theory in State ex rel. Equitable L. Assur. Soc. v. Robertson (Banc), 191 S. W. 989, 922[4]. The Kempf case involved a like receipt by this insurer. The receipt (there stressed) was dated June 12, 1913, and was to the effect the insurance should take effect on the date of the receipt "provided the applicant is on this date in the opinion of the society's authorized officers in New York an insurable risk under its rules and the application is otherwise acceptable on the plan and for the amount applied for . . . ." Insurer's authorized officers refused Kempf's application but tendered a counter proposition based on a premium adding five years to Kempf's age, an annual premium of $137.55 instead of $115.25. Kempf committed suicide before the policy reached him. The insurer contended, first, no contract of insurance was ever consummated and, second (as here), a New York contract was involved and insured's act forfeited his rights. The court of appeals said: "[1, 2] As we think there was a contract of insurance dated on June 12, 1913, made and completed in Missouri, it will not be necessary to go into the second contention"; and also considered the contract [945] ambiguous. (184 S. W. l. c. 136, 137.) The benefici-

ary's trouble here is that court en banc quashed the judgment of the court of appeals (State ex rel. Equitable L. Assur. Soc. v. Robertson, supra), and thereafter the judgment nisi in favor of Kempf's beneficiary was reversed by the court of appeals (Kempf v. Equitable L. Assur. Soc., 193 S. W. 643). Court en banc in disposing of the case made the following observations among others: "It is elementary that in order to make a contract there must be, among other things, a meeting of the minds of the contracting parties regarding the same thing, at the same time. . . . So long as any element of the proposition is left open, the contract is not complete and, of course, not binding on anyone. . . . [Citing Missouri cases.] . . . [Pointing out that the officers in New York rejected Kempf's application and made a counter proposition the court continued:] Upon this state of facts and under the authorities before cited, there was no contract, or as counsel state it, no completed contract . . ." 191 S. W. l. c. 991. Speaking to the application and the receipt, court en banc observed: ". . . . the insurance was not to be effectual without it was acceptable to the officers of the company in New York, on the plan and for the amount applied for." Further: ". . . the contract of insurance was not to be effective until the officers of the company in New York approved the application, which was never done as before stated. . . .

"[3] Had the New York officers of the company approved the entire application, as it approved Kempf as an insurable risk, then unquestionably he would have been insured from that date, although ill health or death may have overtaken him prior to the issuance of the policy. In other words, his contract of insurance was conditional, depending upon the company's acceptance of him as an insurable risk, and its approval of his application for the insurance as presented to it by him." L. c. 992. This last quoted sentence is in accord with observations in Keim v. Home Mut. F. & M. Ins. Co., supra, Brownfield v. Phoenix Ins. Co., supra. It is not the offer which is conditioned. We have ruled that the insurer may elect not to enforce or may waive similar conditions; see, for instance, National City Bank v. Missouri State L. Ins. Co., 332 Mo. 182, 192[6-8], 57 S. W. 2d 1066, 1069[3, 4]; Pierce v. New York L. Ins. Co., 174 Mo. App. 383, 390, 392, 160 S. W. 40, 43[2]; Bell v. Missouri St. L. Ins. Co., 166 Mo. App. 390, 399, 149 S. W. 33, 34[2]; Rhodus v. Kansas City L. Ins. Co., 156 Mo. App. 281, 286, 137 S. W. 907, 909[4]. There was no agreement that insurance was in force subject to rejection in New York. The condition was not one for rescinding insurance. It, consistent with the cited cases, was a condition attached to the contract; viz.: a condition precedent to the commencement of the insurance. GOODE, J., in Bowman v. Northern Accident Co., 124 Mo. App. 477, 482, 101 S. W. 691, 692, a case wherein a policy not conditioned upon delivery was mailed to the local agent for delivery but insured was

drowned prior to agent's delivery, said: "No doubt, the mere mental assent of the officers of an insurance company to the terms of an application will not make a contract of insurance. There must be some outward manifestation of their assent. It is not the law that this manifestation must reach the insured person, so that he will be personally apprised that the company has acted favorably on his application." It is a principle of contract law and does not strain the language of the instant offer beyond its clear meaning that offers must be accepted before they mature into binding contracts. When acceptance is signified by some definite act the contract stands complete. Courts seemingly have applied what may be described as the meeting of minds' theory, the communication theory, and a manifest act theory in arriving at the completion of an agreement. This case does not call for a discussion of these theories. Insured's and insurer's contract covered the subject matter. They agreed the policy should take effect as of the date of the receipt "provided the applicant is on this date in the opinion of the society's authorized officers in New York an insurable risk under its rules and the application is otherwise acceptable on the plan and for the amount and at the rate of premium applied for . . . " Frequently the effective date of a policy is conditioned upon delivery to the applicant and payment of premium, a condition which more often works to the disadvantage of the insured or his beneficiaries than to the disadvantage of the insurer. Parties may lawfully contract as to place of acceptance and the effective date of the agreement. Yount v. Prudential Ins. Co. (Mo. App.), 179 S. W. 749, 750; Winters v. Reserve Loan L. Ins. Co., 221 Mo. App. 519, 525, 290 S. W. 109, 113.

It follows, as observed in State ex rel. Equitable L. Assur. Soc. v. Robertson, supra, that the instant contract of insurance was not completed until insured's application was finally accepted in New York. Fields v. Equitable L. Assur. Soc. (Mo. App.), 118 S. W. 2d 521, 523[8, 9, 11]; Pickett v. Equitable L. Assur. Soc. (Mo. App.), 27 S. W. 2d 452, 454[1-3]; Gray v. Metropolitan L. Ins. Co. (Mo. App.), 150 S. W. 2d 563, 564; Daggett v. Kansas City Struct. Steel Co., 334 Mo. 207, 214, 65 S. W. 2d 1036, 1039[1-4]; Schwartz v. Northern L. Ins. Co., 25 Fed. 2d 555, 558[2-4]; Bowen v. New York L. Ins. Co., 33 Fed. Sup. 705, 710[4]; Prentiss v. Illinois L. Ins. Co. (Mo.), 225 S. W. 695, 702[9]. We construe certain remarks in State ex rel. Equitable L. Assur. Soc. v. Robertson, 191 S. W. 1. c. 991, not to indicate necessarily that had insurer accepted said application in New York a Missouri contract might have resulted as such a construction would be at war with material observations to the effect that the insurance was not to be effective until accepted by the insurer's officers in New York.

The beneficiary says that the insurer received the benefits and is estopped to claim the contract is invalid; that insurer caused

insured to believe he was and intended insured would be insured from the date of payment; and if this be not so there was no consideration for insured paying in advance of the receipt of the policy. Insurer does not contend the contract is invalid, having admittedly paid the $5,000 ordinary life benefit. In the instant case insured's application stated any policy issued thereon should not take effect until the first premium had been paid during his good health. He was free to complete the contract in Missouri by accepting delivery of the policy and then making payment here. He elected to pay in advance. By paying in advance, he avoided, according to the terms of the application and receipt, the possibility of becoming a non-insurable risk between said date and the payment of the first premium. State ex rel. Equitable L. Assur. Soc. v. Robertson (Mo.), 191 S. W. 989, 992[3].

The beneficiary's contention that the provisions here in question are ambiguous and the ambiguity should be resolved in his favor is ruled contra in State ex rel. Equitable L. Assur. Soc. v. Robertson (Mo.), 191 S. W. 989, 992[2], the court stating: "We are unable to lend our assent to this entire contention, for the reason . . . that by a careful consideration of this record no conclusion can be reached except that the insurance was not to take effect without the application therefor was acceptable to officers of the company in New York."

Cases wherein there is no agreement as to the effective mode of completing the contract (consult Limbaugh v. Monarch L. Ins. Co. (Mo. App.), 84 S. W. 2d 208, 211[1-4], and comment in 7 K. C. L. R. 129) or cases expressly providing that the contract is not to become effective until delivery and receipt of premium are not this case.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.