**SWEETARTS, Appellee,**

v.

**SUNLINE, INC., and Menlo F. Smith, Appellants.**

**No. 19765.**

United States Court of Appeals, Eighth Circuit.

March 17, 1970.

Rehearing Denied April 15, 1970.

See also D.C., 299 F.Supp. 572.

William R. Kirby, St. Louis, for appellants; Tenney, Dahman & Mathewson, and Ralph W. Kalish, St. Louis, Mo., on the brief.

John D. Pope, III, St. Louis, Mo., for appellee; J. Pierre Kolisch and John W. Stuart, Portland, Or., on the brief.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

LAY, Circuit Judge.

This appeal arises out of abortive conferences which the parties entered into in order to negotiate a settlement of their respective positions arising out of our decision of trademark infringement in Sweetarts v. Sunline, Inc., 380 F.2d 923 (8 Cir. 1967). We there held that Sunline, Incorporated's mark of "SweeTarts" infringed upon Sweetarts' mark "Swee-Tarts." Pursuant to our decision, the district court on September 8, 1967, granted injunctive relief to Sweetarts. The settlement negotiations which followed led to a written memorandum dated October 11, 1967. This contract was pro-

posed by Sunline, Inc., and thereafter executed by Sweetarts.[1] The parties thereafter carried their previous lack of concilatory attitude into a new dispute over the mechanics of implementing the "agreement." On November 24, 1967, Sunline, Inc., author of the proposed settlement agreement, gave written notice that its entire "offer" to settle was to be withdrawn, with a resulting *status quo ante,* unless Sweetarts acceded to their terms of implementation by December 2, 1967. No affirmative response was sent by Sweetarts. Thereafter, on December 5, 1967, Sunline, Inc. wrote that they would go ahead with the contract as written in the proposed agreement of October 11, 1967, and enclosed a check for $3,000. Sweetarts, however, replied by telegram to Sunline, Inc. that there was no outstanding agreement between the parties and that they were proceeding with preparations for a hearing to define the issues remaining to be tried in the district court. This hearing was scheduled for December 11, 1967. Thereafter Sunline moved to dissolve the injunction on the basis of the alleged negotiated settlement evidenced by the October 11, 1967, memorandum. The district court denied the motion to dissolve and this appeal followed.

The district court held that there never was a valid contract of settlement between the parties.[2] We agree.

Assuming arguendo that there existed an enforceable agreement as of October 11, 1967, this contract could always be mutually withdrawn by consent of the parties. The original offeror, Sunline, Inc., indicated this was its intent unless Sweetarts accepted modifications proposed by Sunline, Inc. by December

2, 1967. Sweetarts refused to accept the proposed modification by that date and in effect treated the contract as mutually rescinded or nonexistent. It is a well established principle that when one party claims to rescind a contract, the rescission is by mutual consent where the other party agrees to the rescission or does not object thereto and permits it to be rescinded. In re Estate of Reed, 414 S.W.2d 283 (Mo.1967); Thumm v. Lohr, 306 S.W.2d 604 (Mo. App.1957); and Deu Friend v. McDermott, 251 S.W.2d 339 (Mo.App.1952). Considering the totality of circumstances, we find it would be inequitable to allow enforcement of the alleged agreement by Sunline, Inc.

Judgment affirmed.

---

1. This agreement required Sunline, Inc. to pay Sweetarts $1,000 a month for four years for use of the mark in the sale of the same general type of candy for which it had been previously utilized. Once the agreement was reached the injunctive relief necessitated by our original opinion was to be dissolved.

2. An enforceable contract requires that there be a definite meeting of the minds and that the essential terms of the contract be certain or capable of being rendered certain. Thos. J. Sheehan Co. v. Crane Co., 418 F.2d 642 (8 Cir. 1969); Shepard v. Glick, 404 S.W.2d 441 (Mo. App.1966); Macy v. Day, 346 S.W.2d 555 (Mo.App.1961); Brandt v. Beebe, 332 S.W.2d 463 (Mo.App.1959); Bearup v. Equitable Life Assur. Soc. of the United States, 351 Mo. 326, 172 S.W.2d 942 (1943).