F. W. SCHONEMAN, PLAINTIFF IN ERROR, V. THE WESTERN HORSE AND CATTLE INSURANCE COMPANY, DEFENDANT IN ERROR.

Insurance: ACCEPTANCE OF PREMIUM AFTER LOSS.   An insurance company may waive the payment of the premium at the time it is due, and if it is afterwards paid after a loss occurs, and is retained and appropriated by the company and the policy delivered, it will be a waiver of the terms of the policy, and the company cannot retain the premium and refuse to pay the loss.

Error to the district court for Lancaster county.   Tried below before POUND, J.

*Lamb, Ricketts & Wilson* and *Dawes & Foss*, for plaintiff in error, cited cases given in opinion.

*Charles O. Whedon*, for defendant in error, cited; *Critchett v. Ins. Co.*, 53 Iowa, 404.   *Mutual Benefit Ins. Co. v. Ruse*, 8 Ga., 534.   *Piedmont v. Ewing*, 2 Otto, 377.

MAXWELL, J.

On the 18th of March, 1882, the plaintiff, at Crete, made application to the agent of the defendant for a policy of insurance upon five head of live stock, including one stallion. On the 21st of that month a policy was issued and delivered to the agent of the company at Crete, to be delivered to the plaintiff upon payment of the premium. The premium was $19, viz.: $10 on the stallion, and $9 on the other stock. On receipt of the policy the agent notified the plaintiff, who being unable to pay the premium at that time, the agent agreed to extend the time of payment till May 15th, following. The policy contained the following provision: The annual premium and policy fee must be paid to the agent of the company, or direct to the company within fifteen days after the date of the policy; if not so paid, the company will take back and cancel the policy." On the 10th of May, 1882, the stallion died. The plaintiff thereupon went to the agent at Crete, paid the premium and obtained the policy. There is a dispute in the testimony as to whether or not he informed the agent of the loss before receiving the policy, he swearing that he did, but other evidence tends to show that he did not. The full amount of the premium, however, was paid to this company and retained by it, proof of loss made, and the action is brought to recover the amount for which the horse was insured. On the trial of the cause the jury found for the defendant, and judgment was rendered dismissing the action.

The attorneys for the plaintiff asked the court to give the following instruction: " Although by the terms of the policy the defendants reserved the right to take back and cancel the policy if the premium was not paid within fifteen days from its date, this was a privilege that the defendant could waive, and if the jury find from the evidence that the defendant through its agent accepted the premium

and delivered the policy to the plaintiff with full knowl-
edge of the loss of the property insured after the expiration
of the fifteen days, and you further find that the defendants
have continued to hold the premium without offer to return
the same, that would be a waiver of the defendants' right
to cancel under the terms of the policy, and you will find
for the plaintiff." This was refused, to which the plain-
tiff excepted.

That an insurance company may waive any provision
in a policy intended for its benefit is too well established
to require the citation of authorities.

In other words, where there has been a breach in the
conditions of a policy, the company may, if it see fit, take
advantage of such breach and cancel the policy. It need
not do so, however, but may waive the forfeiture, and this
may be done by acts as well as words. But the company
as well as the insured should act in good faith. If there
has been a failure to pay the premium promptly at the
day, the company certainly may waive this condition, and
if it afterwards receive and retain it, and deliver the policy,
there would seem to be no good reason why the company
should not be bound by it. The consideration for the in-
surance is the premium, and if this is paid and appropri-
ated by the company, the time of its payment would not
seem to be material. In this case the policy is dated
March 21st, 1882, and runs from that date. The com-
pany received the premium for *that* policy and has
appropriated the same to its own use. If the policy
was obtained by fraud, it should have tendered back
the premium and asked for the cancellation of the policy.
But this it has not done. The instruction asked there-
fore should have been given. *Veile v. Ins Co.*, 26 Iowa,
10. *Baldwin v. Choteau Ins. Co.*, 56 Mo., 151. *Joliffe
v. Ins. Co.*, 39 Wis., 111. *Ins. Co. v. Schollenberger*, 44
Penn. St., 259. *Ins. Co. v. Brown*, 40 Mich., 147. *Bow-
man v. Ins. Co.*, 59 N. Y., 521. *Ins. Co. v. Ins. Co.*, 20

Barb., 468. *Wood v. Ins. Co.*, 32 N. Y., 619. *Hodson v. Ins. Co.*, 97 Mass., 144. *Sheldon v. Ins. Co.*, 207. *Boehen v. Ins. Co.*, 35 N: Y., 131. *Sheldon v. Ins. Co.*, 26 N. Y., 460. *Young v. Ins. Co.*, 45 Iowa, 377. *Smith v. Ins. Co.*, 13 N. W. R., 135. *Ins. Co. v. McLanathan*, 11 Kas., 533. *Meshon v. Ins. Co.*, 34 Iowa, 87. *Keim v. Ins. Co.*, 42 Mo., 38.

. There are other errors to which it is unnecessary to refer. The judgment is reversed, and the case remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.