MODERN WOODMEN ACCIDENT ASSOCIATION V. ALBERT
M. KLINE.

FILED JANUARY 19, 1897.  No. 6890.

1. **Insurance:** AMBIGUITY IN POLICY: PAROL EVIDENCE. Where, by
reason of omission or ambiguity, in a written policy of insurance
the time when such instrument becomes operative is left in doubt,
parol evidence is admissible for the purpose of supplying such
omissions.

2. ———: CONTRACT: PAYMENT OF ASSESSMENTS. The parties to a con-
tract of insurance may stipulate that such contract will not become
operative as an indemnity until payment in full by the insured of
all charges and assessments required by the constitution, rules,
and regulations of the insurer.

3. ———: ———: ———: WAIVER. *Held,* From an examination of the
evidence, that the receipt of payment by the defendant association,
subsequent to the injury claimed for, applied to future indemnity
only, and was not a waiver of payment in full as condition to the
taking effect of the certificate or policy of insurance.

ERROR from the district court of Lancaster county.
Tried below before STRODE, J. *Reversed.*

The opinion contains a statement of the case.

*A. R. Talbot,* for plaintiff in error:

The court erred in not receiving and giving weight to
the parol testimony of the defendant showing the truth

and conditions upon which the certificate was issued and the agreement as to when it should be in force. (*Morse v. Rice*, 36 Neb., 212; *Luce v. Foster*, 42 Neb., 818; *Barnett v. Pratt*, 37 Neb., 349; *Lyon v. Supreme Assembly*, 26 N. E. Rep. [Mass.], 236; *McAlpin v. Cassidy*, 17 Tex., 462; *Sheldon v. Atlantic Ins. Co.*, 26 N. Y., 460; *Bradley v. Potomac Ins. Co.*, 32 Md., 108; *Pitt v. Berkshire Life Ins. Co.*, 100 Mass., 504; *Bergson v. Builders' Ins. Co.*, 38 Cal., 545; *Burke v. Dulaney*, 153 U. S., 228; *Ware v. Allen*, 128 U. S., 591; *Pym v. Campbell*, 6 El. & Bl. [Eng.], 370; *Davies v. Jones*, 17 C. B. [Eng.], 625; *Wallis v. Littell*, 11 C. B., n. s. [Eng.], 369; *Wilson v. Powers*, 130 Mass., 127; *Pawling v. United States*, 4 Cranch [U. S.], 219; *Perrine v. Cheeseman*, 19 Am. Dec. [N. J.], 388; *Reynolds v. Robinson*, 110 N. Y., 654; *Simonton v. Steele*, 1 Ala., 357; *Roberts v. Austin*, 5 Whart. [Pa.], 313; *Benton v. Martin*, 52 N. Y., 570; *Sweet v. Stevens*, 7 R. I., 375; *Stevens v. Parker*, 7 Allen [Mass.], 361; *Curry v. Cotton State Life Ins. Co.*, 51 Ga., 624; *Todd v. Piedmont Life Ins. Co.*, 34 La. Ann., 63; *Baile v. St. Joseph Fire & Marine Ins. Co.*, 73 Mo., 371; *Garlich v. Mississippi Ins. Co.*, 44 Ia., 553; *How v. Union Mutual Life Ins. Co.*, 80 N. Y., 32; *Ormond v. Fidelity Life Ass'n*, 96 N. Car., 158; *Worthington v. Charter Oak Life Ins. Co.*, 41 Conn., 401.)

Plaintiff in error did not waive its right to insist upon the certificate not being in force at the time of the accident by accepting Kline as a member of the association after the injury. (*Lyon v. Supreme Assembly*, 26 N. E. Rep. [Mass.], 236; *McCoy v. Roman Catholic Mutual Ins. Co.*, 152 Mass., 272; *Hale v. Mechanics Mutual Ins. Co.*, 6 Gray [Mass.], 169; *Sweet v. Citizens Mutual Relief Society*, 78 Me., 541; *Miller v. Hillsborough Fire Ins. Ass'n*, 7 Atl. Rep. [N. J.], 895; *Fairfield Savings Bank v. Chase*, 72 Me., 226.)

*Walter J. Lamb* and *H. W. Quaintance*, contra:

An acknowledgment of the receipt of the money, which is the consideration for the making of the policy, cannot be contradicted in a suit brought upon that policy. (*Con-*

*solidated Real Estate & Fire Ins. Co. v. Cashow*, 41 Md., 59; *Basch v. Humboldt Mutual Fire & Marine Ins. Co.*, 35 N. J. Law, 429; *Baum v. Parkhurst*, 26 Ill. App., 128; *Illinois Central Ins. Co. v. Wolf*, 37 Ill., 355; *Teutonia Life Ins. Co. v. Anderson*, 77 Ill., 386; *Provident Life Ins. Co. v. Fennell*, 49 Ill., 180.)

Testimony of a prior parol agreement that the policy should not be in force until paid for is inadmissible. (*Baum v. Parkhurst*, 26 Ill. App., 130; *Thomas v. Scutt*, 127 N. Y., 138; *Wurtzbarger v. Anniston Rolling Mills*, 10 So. Rep. [Ala.], 129; *Haworth v. Norris*, 10 So. Rep. [Fla.], 18; *Casselberry v. Warren*, 40 Ill. App., 626; *Dodge v. Kiene*, 28 Neb., 221; *Bushaw v. Women's Mutual Ins. & Accident Co.*, 8 N. Y. S., 423.)

The insurer waived the forfeiture, if any, and became liable for the injury sustained by Kline from the date of the policy, by receiving the consideration money therefor. (*Schoneman v. Western Horse & Cattle Ins. Co.*, 16 Neb., 404; *Bevin v. Connecticut Mutual Life Ins. Co.*, 23 Conn., 244; *Hodson v. Guardian Life Ins. Co.*, 97 Mass., 144; *Ellis v. State Ins. Co.*, 27 N. W. Rep. [Ia.], 762; *Phœnix Ins. Co. v. Tomlinson*, 25 N. E. Rep. [Ind.], 126; *Phœnix Ins. Co. v. Lansing*, 15 Neb., 494; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 572; *Palmer v. Phenix Mutual Life Ins. Co.*, 84 N. Y., 63; *McAllister v. New England Mutual Ins. Co.*, 101 Mass., 558.)

It was not necessary that the insurer, by its secretary, should expressly waive the prepayment of the membership fee. It is sufficient as an estoppel that the company led plaintiff below to believe that it would do so. (*Odd Fellows' Mutual Aid Association v. Sweetser*, 19 N. E. Rep. [Ind.], 722; *Michigan Mutual Life Ins. Co. v. Custer*, 27 N. E. Rep. [Ind.], 124.)

POST, C. J.

The defendant in error, Albert M. Kline, recovered judgment in the district court for Lancaster county upon a contract of indemnity issued by the defendant in error,

the Modern Woodmen Accident Association, a Nebraska corporation, hereafter called the "association." The certificate of membership, which is made a part of the petition below, recites that "in consideration of the warranties in the application for this certificate, and the agreement on the part of the certificate holder to accept the conditions contained in his application and this certificate, as the basis of this contract, and in consideration of three dollars ($3) paid by Albert M. Kline, of Lincoln, Lancaster county, Nebraska, the receipt whereof is hereby acknowledged, does hereby constitute the said applicant a certificate holder of said association, and agrees to pay the said certificate holder upon the following conditions, the following sums of money. Provided, however, * * * First, that the certificate holder shall be bound by the rules and regulations of this association; Second, that the certificate holder shall pay all assessments levied or assessed upon him by this association, and this certificate shall not take effect until all assessments as aforesaid, and payable prior to the accident for which indemnity or benefit is claimed, are received by the association previous to such accident, and a failure to pay such assessments on or before such assessments are due and payable, shall render this certificate void, and all moneys paid by the holder thereof on account of this certificate shall be forfeited to this association."

Section 4, article 8, of the constitution of the association, provides that "assessments for the payment of benefits will be made in sums of $2 and $3 each, and as far as possible at the beginning of the quarter, and shall be used for no other purpose except as herein specified." It is by section 6 of the same article further provided that "any one desiring indemnity from the date of his application must forward to the secretary therewith an amount equal to 15 or 25 cents per week until the next quarterly assessment." Mr. Kline, according to his own testimony, visited the office of the association on the 16th day of November, 1891, where, after some conversation

relating to the subject of insurance, he remarked to Mr. Hicks, the secretary, that he would like a certificate, or "policy" as it is called by him, but would not be prepared to pay the charges therefor before the 28th day of the same month, and that in reply thereto Mr. Hicks said, " 'All right; that don't make any difference. * * * You can hand it to me the first of the month.' * * * I asked how much it would be. He said: 'The fee is $3. We charge $2 a quarter at the rate of 15 cents a week.' I said, 'How much will that be?' He said, '90 cents on the first day of January.' " An application was at said time signed by the insured, presumably in the usual form, except that the words "Insurance in force from date of certificate" appeared to have been erased, and the certificate issued thereon, bearing date of November 17, was received by the insured on the 18th. On the following day, to-wit, November 19, the insured received the injury for which he claims in this action, and on November 30 he paid to Mr. Hicks for the certificate so issued the sum of $3.75, taking the latter's receipt therefor as secretary of the association. He further testified, referring to the transaction on the day last mentioned, as follows: "I went round as I said to pay him $3.90. I handed him $5. He took out $3.75 and gave me a receipt. * * * I said, 'I thought it was $3.90.' He said, '$3.75.' I told him what I heard him say, and he said, 'I know.' * * * He said, 'that does not cover your late accident.' "

Q. Did he (Hicks) tell you when the policy took effect?

A. Yes, sir.

Q. When did he tell you that?

A. He told me that day when I paid him.

Q. When did he tell you it took effect?

A. The 30th day of the month, when it took effect.

Q. He did not tell you when you made the application?

A. No. He said, "Come on the first day of the month and I will give you the policy."

It is argued in support of the judgment that the recital of the certificate, acknowledging receipt of the premium

or membership fee, cannot be controverted in an action on such certificate, and that the defendant association is thereby estopped from averring nonpayment as a defense thereto. But the evidence, even of the insured himself, instead of contradicting the certificate, merely tends to establish that which is left in doubt by the recitals thereof, viz., the date when such certificate became effective as a contract of indemnity. There is, it will be observed, a marked difference between the terms of the agreement here involved and those contracts of insurance which are in terms or by implication made effective for a definite period, or from a specified date. The certificate, as we have seen, provides that it shall not take effect until after payment in full by the insured of all assessments levied against him, while by the terms of the constitution, and also according to the understanding of the insured, he was chargeable with the assessment for the unexpired portion of the current quarter. The regulation in that regard transgresses no rule of law or morals, since the burden thereby imposed upon new members is in exact proportion to that borne by those holding certificates in the association at the beginning of the quarter. We are, by counsel for the defendant in error, referred to decisions of this court declaring that stipulations for the forfeiture of policies of insurance on account of the nonpayment of premium notes is for the benefit of the insurer and will be waived by an acceptance of the premium subsequent to the default. Such is the holding in *Phœnix Ins. Co. v. Lansing*, 15 Neb., 494, *Schoneman v. Western Horse & Cattle Ins. Co.*, 16 Neb., 404, *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb., 572, and *Phenix Ins. Co. v. Bachelder*, 32 Neb., 490. But in the cases above mentioned, and we believe in each of those cited by counsel, the insurance was for a definite period, and the waiver operated merely to prevent a forfeiture of a policy which had by its terms become operative as a contract. In this case, however, there was, so far as the record discloses, no agreement, written or otherwise, to the effect that the

certificate should become operative previous to the payment in full of the membership fee and assessment prescribed by the constitution.  The sum paid by defendant in error to Mr. Hicks on November 30, 1891, was the precise amount essential to constitute the former a member of the association from and after that date, and was received with the statement that the indemnity provided for did not include the injury previously received by the insured.  The reasons which controlled the cases cited are here entirely wanting, since, as we have seen, the real question at issue is the time when the certificate took effect as a contract of insurance, and there is certainly nothing inequitable in the proposition, abundantly sustained by the record, that the payment of $3.75 was made and accepted in consideration of future indemnity. It follows that there was no waiver of the terms and conditions of the contract with respect to payment by the insured.  The judgment is accordingly reversed and the cause remanded for further proceedings in the district court.

REVERSED.