JULIUS H. DRUCKER, Appellant, v. WESTERN INDEMNITY COMPANY OF DALLAS, TEXAS, Respondent.

St. Louis Court of Appeals. Opinion Filed July 16, 1920.

1. **INSURANCE: Accident and Health Insurance: Action on Policy: Failure to Return Premiums: Defense of Misrepresentation not Available.** Regardless of whether a combination accident and health insurance policy in suit fell within the provisions of section 6940, Revised Statutes of 1909, which provides that in suits brought upon life polices no defense based upon misrepresentation shall be valid unless the defendant shall at or before the trial, deposit in court for the benefit of plaintiff, the premium received on such

polices, *held* inasmuch as the insurer neither by its answer nor at the trial offered to pay to plaintiff, or offered to pay into court for the benefit of the plaintiff, the premiums that it had received, the defense of misrepresentation was not available to the insurer.

2. **MOTION FOR. NEW TRIAL:** Assignment as to Errors in Instructions: General Assignment Sufficient. The motion for a new trial merely assigning as error the giving of improper instructions to the jury at the request of defendant, is sufficient to allow the appellate court to review the matter.

3. **CONTRACTS:** Conflicting Clauses: First Clause Governs. Where two clauses of a contract are in conflict, the first governs rather than the last.

4. **INSURANCE:** Accident and Health Insurance: Construction: Conflicting Provisions: Construed in Favor of Insured. Furthermore, when the language of an insurance contract is capable of two interpretations, the one must be adopted which is most favorable to the assured because the language used is that of the insurer.

5. ————: ————: ————: Repugant Clauses: Clause Favorable to Insured Will Be Given Effect. Likewise, when repugant or inconsistent statements or clauses appear in a policy, that statement or clause will be given effect which is most favorable to the assured.

6. ————: ————: ————: Unconditional Liability: Subsequent Proviso Exempting Insurer Ineffectual. Where a combination accident and health policy which insured the plaintiff against bodily injury or loss effected through accidental means, and also disability from disease or illiness, and undertook then to so insure plaintiff for a period not exceeding fifty-two weeks, stating the insurer "does hereby insure, "thereby providing for an unconditional immediate liability in the event of disability; and a subsequent clause provided that insurer was not to be liable, as it agreed to be in the first clause, for illness contracted within fifteen days from the date of the policy, *held* repugant to the first provision.

7. ————: ————: Vexatious Refusal to Pay Loss: Attorney's Fees: Question for the Jury. Where the insured, in his petition, asks for damages and attorney's fees because of vexatious refusal of insurer to pay the loss, and at the trial introduced evidence tending to substantiate such allegations, he had no right to a directed verdict, because the question of defendant's vexatious refusal to pay the loss was one for the jury.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Thomas C. Hennings*, Judge.

REVERSED AND REMANDED.

*James J. O'Donohoe* and *J. H. Drucker,* for appellant.

(1) The defense of misrepresentations is an affirmative one, and, to be available, the following must be averred in the answer, proven by the evidence and embraced in the instructions, namely: (a) That the insured made false representations; (b) that he knew them to be false when made; (c) that said misrepresentations so made concerned a matter which actually contributed to the loss; (d) that the insurer did not know that the representations were false; and (e) that if it had known the same, it would not have issued the policy. Neither the defendant's pleadings, proof nor instructions meet those requirements. Huls v. Ins. Co., 207 S. W. (Mo. App.) 270; Beck v. Ins. Co., 207 S. W. (Mo. App.) 248; Hicks v. Ins. Co., 196 Mo. App. 162; Bruck v. Ins. Co., 194 Mo. App. 529; Schuler v. Ins. Co., 191 Mo. App. 52; Clarkson v. Ins. Co., 190 Mo. App. 624; Buchholz v. Ins. Co., 177 Mo. App. 683; Roedel v. Ins. Co., 176 Mo. App. 584; Coscarella v. Ins. Co., 175 Mo. App. 130; Conner v. Association, 171 Mo. App. 364; Lynch v. Ins. Co., 150 Mo. App. 461; Salts v. Ins. Co., 140 Mo. App. 142; Williams v. Ins. Co., 189 Mo. 70; Harms v. Casualty Co., 172 Mo. App. 241; Keller v. Ins. Co., 198 Mo. 440; Jenkins v. Ins. Co., 171 Mo. 375; Kern v. Legion of Honor, 167 Mo. 471; Schuermann v. Ins. Co., 165 Mo. 641; Ashford v. Ins. Co., 98 Mo. App. 505. The misrepresentation defense is not available to defendant for the further reason that it failed to deposit in court for the benefit of plaintiff the premiums received on the policy. Sec. 6940 R. S. 1909; Thassler v. Ins. Co., 67 Mo. App. 505; Floyd v. Ins. Co., 72 Mo. App. 455; Lavin v. Ins. Co., 101 Mo. App. 434; Herzog v. Modern Brotherhood of America, 110 Mo. App. 328, 1. c. 334; Thompson v. Royal Neighbors of America, 154 Mo. App. 109; Welsh v. Ins. Co., 165 Mo. App. 233; Kern v. Legion of Honor, 167 Mo. 471. Agent's knowledge is imputable to insurer. Schuler v. Ins. Co., 191 Mo. App. 52; Dubinsky v. Hartford Fire Ins. Co., 196 S. W. (Mo. App.) 1045; Hilburn v. Ins. Co., 140 Mo. App. 355; Strickland v.

Casualty Co., 112 Me. 100; Newman v. Covenant M. B. Ass'n, 76 Iowa, 56; Mutual Life v. Daviess, 87 Ky. 541; McGurk v. Met. Life, 56 Conn. 528; 1 Bacon (4 Ed.), sec. 179—cases cited; 7 Cooley, p. 2521 (c) (and cases cited). (2) The stipulation in the policy, namely: "This policy does not cover . . . any illness contracted within fifteen days from noon of the day this policy is issued," is void, for reasons: (1) It cuts off fifteen days from the term for which the premium was paid. Summers v. Fid. Mut. Aid Ass'n, 84 Mo. App. 605; Bean v. Aetna Life, 111 Tenn. 186; Teague v. Sowder, 121 Tenn. 132; Laurenzi v. Ins. Co., 131 Tenn. 644; Blackman v. Casualty Co., 117 Tenn. 578; Employers' Liability Assur. Corp. v. Morrow, 143 Fed. 750; Pittsburg & S. R. Co., v. Central Trust Co., 141 N. Y. Supp. 66; Vickers v. Electrozone Commercial Co., 67 N. J. Law Rep. 665. (2) It is repugnant to the general insuring clause of the policy, which promises unconditional immediate indemnity, and sharply conflicts with the application, which, in part, reads: "The company has issued this policy for a term of six months, beginning at twelve o'clock noon, . . . standard time, at the assured's residence address, on the 11th day of March, 1916." It is elemental that "where there are inconsistent provisions, effect will be given to the one most favorable to the insured." Burnett v. Insurance Co., 68 Mo. App. 343; 1 Bacon (4 Ed.), section 221, cases cited; 6 Cooley, pp. 630-639, cases cited. Forfeitures are not favored in law and the construction of a policy most favorable to the insured will be adopted. Canning Co. v. Guaranty & Accident Co., 154 Mo. App. 327; Settle v. Ins. Co., 150 Mo. App. 520; United Zinc Co. v. Accident Assur. Co., 144 Mo. App. 380; Roseberry v. Association, 142 Mo. App. 552. The plaintiff's peremptory instruction should have been given. Authorities, supra. (3) The attitude and remarks of the trial court constitute prejudicial error. Shephard v. Brewer, 248 Mo. l. c. 148, 149; Landers v. Railroad, 134 Mo. App. 80; Rose v. Kansas City, 125 Mo. App. 231.

*Clarence T. Case* and *Victor J. Miller* for respondent.

An insurance company is not required to deposit in court the premium it received on a health policy where it defends the action on the ground that the policyholder was guilty of fraud in the procurement of the policy because the policyholder is not entitled to recover back the premium under such circumstances. Vining v. Franklin Insurance Co., 89 Mo. App. 311, l. c. 323; Hellman v. National Council, Etc., 198 Mo. App. 308, l. c. 305; Aetna Life Insurance Company v. Paul, 10 Ill. App. 431; Hoyt v. Gilliman, 8 Mass. 336; Friesmuth v. Agawam Mutual Fire Insurance Co., 10 Cush. 588, l. c. 592; Fay v. Prudential Life Insurance Company, 80 App. Div. 350, 80 N. Y. Supp. 683; Himely v. South Carolina Insurance Company, I Mill. Const. (S. C.) 154, 12 Am. Dec. 623. (2) The giving or refusing of instructions not specifically pointed out in the motion for new trial are not subject to review on appeal. Kansas City Disinfecting & Mfg. Co. v. Bates County, 273 Mo. 300; Wynne v. Wagoner Undertaking Company, 274 Mo. 593; Lampe v. United Railways Company, 202 S. W. 438; St. Louis Dairy Company v. Northwestern Bottle Company, 204 S. W. 281; Seitz v. Pelligreen, 199 Mo. App. 388; Nitchman v. United Railways Company, 203 S. W. 491; State v. Dinkelkamp, 207 S. W. 770; Heller v. Chicago & A. R. Co., 209 S. W. 567. (3) The mere fact that the trial court may in some way criticise the acts and conduct of an attorney in the trial of a case, such criticism not in any way amounting to a comment on evidence or the issues involved in the case, does not constitute ground for reversal. State v. Teeter, 239 Mo. l. c. 483; Farrar v. Railroad, 249 Mo. l. c. 226.

BIGGS, C.—This is a suit based upon a combination accident and health policy, which insured the plaintiff against bodily injury or loss effected through accidental means, and also against disability from disease or illness. The schedule of indemnities set forth in the

policy provides for the payment of the principal sum of $1500 for loss of life by reason of either of the causes above specified, and further for a weekly accident indemnity of $25, and a weekly illness indemnity of $25. There is a further provision for the payment of hospital expenses, not exceeding $12.50 per week.

The petition is in the usual form, and alleges that plaintiff was ill from April 2, 1916, to May 8, 1916, thus entitling plaintiff to the sum of $125 as a weekly illness indemnity; and further that the insured was confined to a hospital for four weeks from April 2, 1916, and under the terms of the policy was entitled to the sum of $50 for hospital indemnity.

The defendant's answer after admitting the issuance of the policy in suit, denies all other allegations in plaintiff's petition. The answer contains a further plea of misrepresentation made by the plaintiff at the time of the issuance of the policy to the effect that he was in sound condition mentally and physically, and that he did not have, nor had he within a year previous to the issuance of the policy, any local or constitutional disease, and that he had not received medical attention within two years previous to the issuance of the policy. These representations are alleged by the defendant to have been false and known to be such by the plaintiff at the time, and were a part of the consideration of the policy contract, and that the contract was issued by defendant relying upon the truth of such representations.

A further defense is set up that the policy contained a provision to the effect that the contract for indemnity and insurance did not cover any illness contracted within fifteen days from noon of the day said policy was issued; and that the illness and indemnity mentioned in plaintiff's petition was contracted within fifteen days from said time.

The reply was a general denial of the new matter set up in defendant's answer.

Upon a trial before a jury, there was a verdict for the defendant company followed by a judgment, from which plaintiff has appealed,

Plaintiff contends that error inhered in the court's action in permitting the defendant to interpose the defense of fraudulent representation in procuring the policy, in view of the fact that the defendant did not either in its answer or at the trial offer to return to the plaintiff the premium paid for the policy. We think this position of plaintiff sound and the point well taken, and this regardless of whether the particular policy in suit falls within the provisions of section 6940, Revised Statutes of 1909, which provides that in suits brought upon life policies, no defense based on misrepresentation shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiff the premium received on such policies.

By its answer and by its proof defendant attempted to show that the plaintiff had procured this policy through false and fraudulent warranties and representations, which rendered the contract void *ab initio*. Neither by its answer nor at the trial, did the defendant offer to pay plaintiff or offer to pay into court for the benefit of the plaintiff the premium that it had received.

Defendant claimed that these representations alleged to have been made by the plaintiff were of such a character as to avoid the policy, and that, therefore, the policy never created any liability or risk against the defendant. In order to put itself in a position to make such a defense to a suit on the policy, it should have offered to return the premiums received and should have kept that offer good, not only by its answer, but by tendering the amount in court for the benefit of the plaintiff. It could not make such defense and at the same time hold on to the premium.

In the case of Harland v. Insurance Co., 192 Mo. App. 198, 180 S. W. 998, the Kansas City Court of Appeals in applying this rule to a suit on a fire insurance policy, l. c. 203, says: "This rule does not arise, however, by force of section 6940, Revised Statutes of 1909, since that statute only applies to life, and not to fire insurance companies. It arises out of the very

nature of things. A company cannot insist that a contract had no existence whatever and at the same time hold on to property to which it has no right except on the theory that the contract did exist. Even with regard to life companies, section 6940 took away no material right they enjoyed prior to its enactment (Kern v. Insurance Co., 167 Mo. 471, 1. c. 488). In other words, the statute did not require them to do something they did not have to do before its passage."

In referring to the statute in the Kern case, supra, our Supreme Court says: "Section 5850 prescribes the same rule that has always obtained in courts of equity, that the contract can only be avoided upon terms; that is, that the party seeking to avoid it shall refund the benefits he has received under the contract. The statute takes away no material right that was enjoyed prior to its adoption. It is still competent for the company, during the life of the insured but not after his death, to bring a bill in equity to set aside the contract on the ground that it was procured by fraud. (Schuermann v. Ins. Co., 165 Mo. 1. c. 652). But in such a case a court of equity would require the company to refund the benefit it had received under the contract."

Cases from other jurisdictions hold likewise. [Metropolitan Life Insurance Co. v. Moore, 79 S. W. (Tex.) 219; Metropolitan Life Insurance Co. v. Freedman, 159 Mich. 114; Commercial Life Ins. Co. v. Schroyer, 176 Ind. 654; Schoneman v. Ins. Co., 16 Neb. 404.]

It follows from the foregoing that the defense of misrepresentation was not available to the defendant as long as it held on to the premiums, and the court should have so declared to the jury. In the absence of such offer and tender, evidence of misrepresentation was not admissible.

The policy contract provided that it did not cover any illness contracted within fifteen days from noon of the day the policy was issued, and the court instructed the jury that if they believed that the illness which disabled plaintiff was contracted within fifteen days from

noon, March 11, 1916, then plaintiff was not entitled to recover.

Plaintiff asserts that this provision is void by reason of being repugnant to the insuring and other clauses of the contract, and specifies error in giving the instruction referred to.

Defendant claims the point is not before us for review, because the plaintiff did not properly preserve it, in that his motion for a new trial merely assigned as error the giving of improper instructions to the jury at the request of defendant, which is claimed to be insufficient to allow us to review the matter. This is no longer a debatable question under the late decisions of the Supreme Court *en banc.* [Wampler v. Railroad, 269 Mo. 464, 190 S. W. 908; State ex rel. v. Reynolds, et al., 213 S. W. 782.]

The policy is dated March 11, 1916, and at its beginning says that the defendant does hereby insure plaintiff against (1) bodily injury through accident; and (2) against disability from disease or illness, and provides that as to the latter indemnity it will pay $25 per week for a period, not exceeding 52 weeks. Following a number of other provisions there is found in the body of the policy a clause to the effect that the contract does not cover illness contracted within fifteen days from noon of the day the policy is issued. Toward the end the contract contains the following stipulation: "In consideration of the warranties made by the assured and endorsed hereon, and subject to the provisions above and of the payment in advance of the premium of $20, the company has issued this policy for a term of six months, beginning at twelve o'clock noon, standard time, at the assured's residence address, on the 11th day of March 1916."

It will be noted that under the above provisions of the contract dated March 11, 1916, the defendant undertook to then insure plaintiff against disability from illness for a period not exceeding 52 weeks, at the rate of $25 per week; that the contract says that the defendant "does hereby insure." In the first part of the

contract no mention is made of the provisions thereafter contained limiting the liability of defendant in anywise. Then further along in the body of the agreement is the proviso which exempts the defendant from liability for any illness contracted within fifteen days from the date of the policy. The first clause provides for an unconditional immediate liability in the event of disability by reason of illness. The second clause referred to provides that the defendant shall not be liable as it agreed to be in the first clause for any illness contracted within fifteen days from the date of the policy, and is we think, repugnant to the first provision.

A well established rule of construction of contracts is to the effect that where two clauses of a contract are in conflict, the first governs rather than the last. Mr. Blackstone (2 Blackstone's Commentaries, page 381) says: "If there be two clauses so totally repugnant that they cannot stand together, the first will be received and the last rejected."

In the case of Summers v. Fidelity Mutual Aid Association, 84 Mo. App. 605, where a policy was applied for December 30th and issued January 4th, and the death occurred November 27th following, and where the policy provided that it must be in force twelve months prior to death before the insurer would be liable, it was held, that the acceptance of a premium for one year rendered the insurer liable notwithstanding the provision; and the fact that the policy provided for other insurance makes no difference, since the premium was not apportioned."

The case of Bean v. Aetna Life Insurance Company, 111 Tenn. 186, 78 S. W. 104, is in point on the question involved. That case was subsequently approved in Blackman v. Casualty Co., 117 Tenn. 579, 103 S. W. 784, and in Laurenzi v. Insurance Co., 131 Tenn. 644, 176 S. W. 1022, and also in the case of Employers' Assur. Corp. v. Morrow, 143 Fed. 750, l. c. 755. [See, also, O'Connor v. Baseball Company, 193 Mo. App. 167, l. c. 192, 181 S. W. 1167.]

Furthermore, it is an established rule of construction, that, when the language of an insurance contract is capable of two interpretations, the one. must be adopted which is most favorable to the assured, because the language used is that of the insurer. [Hoffman v. Ins. Co., 56 Mo. App. 301; Burnett v. Ins. Company, 68 Mo. App. l. c. 349.]

Likewise when repugnant or inconsistent statements or clauses appear in a policy, that statement or clause will be given effect which is most favorable to the assured. [Wood on Insurance, sections 60-62.]

The court erred in giving the instruction referred to, and the alleged defense should have been disregarded.

Counsel assert that plaintiff was entitled to a directed verdict. This clearly cannot be true because of the fact that the plaintiff in his petition asked for damages and attorney's fees, because of vexatious refusal of defendant to pay the loss. At the trial plaintiff introduced evidence tending to substantiate such allegations. This clearly deprived plaintiff of the right to a directed verdict, because the question of defendant's vexatious refusal to pay the loss was one for the jury.

It follows that the judgment should be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BIGGS, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Reynolds, P. J., Allen* and *Becker, JJ.,* concur.