Gould Land & Cattle Co. v. Commercial Union Assurance Co.

---

GOULD LAND & CATTLE COMPANY, APPELLANT, V. COMMERCIAL UNION ASSURANCE COMPANY, APPELLEE.

FILED APRIL 16, 1925.   No. 23115.

1. **Insurance: POLICY: CANCELATION.** When a parol agreement is entered into between one seeking insurance and an insurance company, which provides that a policy shall be written and held by the company, undelivered, and as its own, until the premium is paid, and, if not paid by a date certain, the policy shall thereupon be canceled by the company, a failure to pay such premium at the time agreed upon warrants the cancelation of the policy, and an action for recovery for a subsequent loss cannot be maintained.

2. **Pleadings** and evidence examined, and *held* to support the judgment.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Pratt, Hamer & Beynon,* for appellant.

*W. L. Minor* and *W. E. Balcom, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

THOMPSON, J.

Plaintiff brought this action to recover $2,500 for the total destruction of an elevator by fire, December 16, 1921, upon which it alleges defendant company issued a policy of insurance. The petition is one in the usual form. Defendant answered, admitting the incorporation of both plaintiff and defendant; that plaintiff was the owner of the building; that it was destroyed by fire; and that defendant refused to adjust the loss after being duly notified thereof. The answer then denies all other allegations in the petition, and alleges:

"That it had insured the property described in plaintiff's petition for a period of time extending from August 24, 1920, to August 24, 1921; that on the expiration of said policy, defendant, through its local agency, the firm of Berbig & Maus, notified the plaintiff that its policy of insurance on said property had expired, and that it was indebted already to the local agency for premiums on insurance issued on its various properties for the years 1920 and 1921, in the sum of $411, and that it could not issue insurance further on said property until the indebtedness had been paid and the premium paid for the policy about to be issued; that plaintiff thereupon represented to the defendant, through its local agency, that, if they would prepare a policy of insurance for it, it would pay for the same by the 1st day of October, 1921; that defendant, through its agents, notified the plaintiff that they could not deliver any policy of insurance to it until it was paid for, but that they would hold the policy until the 1st day of

October, 1921, and if it paid the premium at that time they would deliver it the policy; that upon the 1st of October the defendant called upon E. D. Gould, president and manager of the plaintiff, and tendered him the policy on condition that the premium be paid in cash, but that plaintiff failed and refused to pay said premium; that defendant made several subsequent trips to the office of the plaintiff at Kearney, and demanded the payment of the premium, and on the 15th day of October, 1921, they returned said policy to the main office of defendant, where it was duly canceled for nonpayment of premium on the 24th day of October, 1921."

The reply, in substance, alleged that theretofore a custom had existed, by which defendant company carried plaintiff in the payment of premiums, and that it relied on such custom in this case, as it had a right to do; that it at all times stood ready and willing to pay; that it was not notified that the policy would be or had been canceled prior to the fire, or afterwards; that defendant was without authority to cancel or annul the policy. It then denied each and every allegation.

A jury being waived, the case was tried to the court, finding generally in favor of defendant, and judgment entered accordingly. Plaintiff seeks reversal in this court upon the ground that the judgment is contrary to the evidence and the law applicable.

Defendant's agents, Berbig and Maus, each testify to facts which sustain each and all allegations of the answer, above extended. Plaintiff introduced no rebuttal as to this agreement. This leaves us to apply the law to virtually admitted facts.

The policy in dispute was based on an agreement of the parties that it was to be written (which it was) and held by defendant as its own, and not delivered until the premium was paid, which was to be done not later than October 1, 1921. If the premium was not then paid (and it was not) then the policy was to be sent to the company for can-

celation, without charge to any one (which was done long before the fire). Plaintiff was never ready and willing to pay before cancelation took place or even before the fire. In neither its petition nor its reply does it express a willingness to pay. This is not controlling, but it serves to illumine the controversy as to the real status of the parties as to this oral contract at the time of the cancelation. Until payment of the premium, the provisions of the policy would never become operative. *Hartford Fire Ins. Co. v. Whitman,* 75 Ohio St. 312. Hence, the oral agreement and not the policy's provisions govern, and notice of cancelation was not required. Under the agreement, refusal to pay the premium on October 1, 1921, when requested by defendant, implied consent on the part of plaintiff to the cancelation.

Further, as to the custom alleged to have existed between the parties, by which defendant extended credit to plaintiff for premiums due from previous transactions, the evidence shows that Berbig and Maus, individually, and not as agents of defendant, carried the previous premiums, remitting the amounts thereof to defendant, and accepting plaintiff's obligations running to themselves, in lieu of same. Therefore, if such a custom did exist, it is immaterial to the issues in this case, for it was one to which defendant was not a party, and in no manner binding upon it. And even if the custom existed between plaintiff and defendant, the agreement that this particular premium was to be paid before the plaintiff secured any rights under the policy abrogated such custom.

Then, if this policy had been delivered to plaintiff, and it had contained a provision, as the oral agreement did, that payment of the premium was a condition precedent to the right of plaintiff to recover, it would fail in this action, as a waiver of such payment is not shown. *German Ins. Co. v. Shader,* 1 Neb. (Unof.) 704; *Modern Woodman Accident Ass'n v. Kline,* 50 Neb. 345; *Anders v. Life Insurance Clearing Co.,* 62 Neb. 585.

The judgment of the trial court under this record, and the law applicable, is the only one that could have been entered, and it should be, and is,

AFFIRMED.