ETTMAN v. FEDERAL LIFE INS. CO.

No. 588.

District Court, E. D. Missouri, E. D.

Oct. 25, 1944.

J. L. London (of Leahy, Walther & Hecker), of St. Louis, Mo., for plaintiff.

Wayne Ely, of St. Louis, Mo., for defendant.

DUNCAN, District Judge.

The question for determination is to whom the premiums tendered to the plaintiff and deposited in the registry of the court by the defendant for his benefit shall be paid by the clerk following a verdict and judgment for defendant in an action at law by the plaintiff for total and permanent disability under a policy of health and accident insurance issued by defendant.

The amount involved is $1504.68. In a trial to a jury the verdict was for defendant and the judgment on appeal was affirmed, 137 F.2d 121. The suit has been finally disposed of.

In 1928 upon application of the plaintiff, the defendant issued a health and accident policy to the plaintiff. Thereafter plaintiff suffered total and permanent disability through the loss of the sight of both eyes resulting from a disease known as "retinitis pigmentosa."

Unquestionably the plaintiff was affected with the disease at the time of the application for the policy. In the application plaintiff was asked among other things whether or not he had ever had, or at that time did have, any disease of the eyes, and he answered that he had not. As a matter of fact, at that time he did have a disease of the eyes and had for a long period of time been treated for that very disease, that is, retinitis pigmentosa, which later resulted in the loss of his eyesight. The application was made a part of the policy.

The evidence on the part of the plaintiff tended to show that he was never advised by his physician as to the exact nature of the disease of his eyes, and that the misrepresentation which he made in his application was not wilful.

The policy provided that it was issued in consideration of the statements, representations and agreements appearing in the application, and the applicant agreed that the falsity of any answer in said application should bar the right of insured to recover if such answer was made with intent to deceive, or if such answer materially affected either the acceptance of the risk or the hazard assumed by the company. Applicant, in his application, agreed that all of the statements and answers made by him, and all of the statements and answers contained in said application were full, complete and true.

Defendant alleged in its answer that said statements, representations and answers were made to deceive the defendant; that it was unaware that such statements and answers were false and untrue; that had it known such statements and answers were false and untrue, it would not have issued the policy. Defendant further alleged in its answer that because of the false representations, the policy was void and of no effect.

About the middle of April 1940 plaintiff notified defendant that he was suffering from retinitis pigmentosa, and as a result thereof, had lost his eyesight. Defendant contends that on or about June 5, 1940, it first learned that the plaintiff was afflicted with retinitis pigmentosa at the time of the application and the issuance of the policy, and had been so afflicted for several years prior thereto. Defendant further al-

leged that shortly after it obtained such information, it tendered to the plaintiff all of the premiums paid by him and demanded the surrender of the policy.

The acceptance of the tender and surrender of the policy were refused by plaintiff. Thereupon defendant filed suit in the United States District Court to cancel and set aside the policy and paid into the registry of the court the premiums and the interest earned thereon to the date of the filing of that suit. The District Court dismissed defendant's (plaintiff in that case) suit, and the action of the Court was affirmed on appeal, Federal Life Ins. Co. v. Ettman, 120 F.2d 837.

In the answer filed in this suit the defendant renewed its tender of the exact amount tendered and deposited by it upon the filing of its action to cancel the policy. The amount has remained in the registry of the court since the filing of the original suit.

Section 5846, R.S.Mo.1939, Mo.R.S.A.,[1] required defendant to tender the premiums by paying the amount thereof into court before it could defend on the ground of false representations in the procurement of the policy. Fraker v. Commonwealth Casualty Co., Mo.App., 278 S.W. 1053; Drucker v. Western Indemnity Co., 204 Mo. App. 516, 223 S.W. 989, 991. Whether this section of the statute applies to a policy limited in coverage to accident or illness, and not for loss of life, is of no particular concern here, as defendant could not seek to avoid the policy except upon terms, and those terms were the return of the premiums. The statute required nothing of defendant which was not required of it before the statute was enacted. Drucker v. Western Indemnity Co., supra; State ex rel. National Council of Knights and Ladies of Security v. Trimble, 292 Mo. 371, 239 S.W. 467.

This case was tried to a jury and resulted in a verdict for defendant. The finding of the jury for the defendant determined the question of the existence of the disease prior to the issuance of the policy, and that the answers of plaintiff in the application in respect of such disease, were false. The Court held that this case did not fall within the provisions of Section 5843, R.S.Mo. 1939, Mo.R.S.A.,[2] because it was not a life policy, and that the statements of plaintiff under the terms of the policy were warranties, and that the question of whether the answers were innocently made was not material. Ettman v. Federal Life Ins. Co., 8 Cir., 137 F.2d 121, loc. cit. 127. Defendant contended that the policy was void ab initio and the finding of the jury and the judgment of the court sustained defendant in its contention.

Defendant insists in its brief that the plaintiff could have accepted the tender of the premiums. Certainly he could have accepted the tender, but if he had done so, it would have been the end of his lawsuit. Under the law, either statutory or under the decisions of the court, the defendant could not seek to avoid and cancel the policy without returning the consideration. It was not a question of confessing liability and tendering into court the amount admitted to be owed, but a question of return of the consideration paid to it on a contract which it contended to be void, and under which there was no liability.

Defendant cites the case of Shaner v. West Coast Life Ins. Co., 10 Cir., 73 F.2d 681. In it I cannot find the slightest analogy to the case under consideration. There the defendant tendered to the plaintiff a sum of money alleged to be the amount of the premiums. The insured refused to accept it and then questioned the sufficiency of the tender. The Court held that the company had complied with the requirements of the law and was not required to do a vain or useless thing. Evidently there was no law in that jurisdiction as there is in Missouri, requiring the actual tendering into court of the premiums. In view of the fact that in the Shaner case the Court entered a decree cancelling the policy upon

---

[1] "Sec. 5846. Defense in case of suits. In suits brought upon life policies, heretofore or hereafter issued, no defense based upon misrepresentation in obtaining or securing the same shall be valid, unless the defendant shall, at or before the trial, deposit in court for the benefit of the plaintiffs, the premiums received on such policies. (R.S.1929, § 5735.)"

[2] "Sec. 5843. Misrepresentation. No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury. (R.S. 1929, § 5732.)"

condition that the amount of the premiums with accrued interest thereon be paid into the registry of the court, the Court held that the defendant could not avoid its policy without subjecting itself to the condition of returning the premiums. In that respect it is opposed to defendant's contention.

The only other case which defendant has cited has to do with tender where there has been some admission of liability under the terms of a contract, and not where the party is required to return the consideration before seeking to avoid a contract.

The plaintiff conditionally opposes the views of the defendant. He contends that if the policy is void for all purposes, the amount tendered is the property of the plaintiff and should be paid to him. It has however, been the contention of the plaintiff that the policy was not void and he made tender of the premiums for the purpose of keeping the policy alive, the acceptance of which were refused by the defendant. Plaintiff is also ready and willing to pay all premiums which would have accrued upon the policy from the time of the refusal of his tender by the plaintiff. It is the contention of plaintiff that the policy should be continued in force with respect to all of its conditions, except as to liability for total and permanent disability incident to the loss of his eyesight resulting from retinitis pigmentosa.

The answers to the questions in the application were warranties. The fact that they were false certainly rendered the policy void at the option of defendant. Every action on the part of defendant has evidenced its intention to cancel the policy because of such false answers—the institution of the suit in the District Court to cancel the policy, the allegations of its answers that had it known such answers were false it would not have issued the policy. If the parties desire to continue the policy in force and effect in respect of any disability other than that for which the plaintiff claims compensation, that is a matter for the parties themselves to determine, and not for this court to order.

Therefore, in view of the foregoing, the plaintiff is entitled to receive the amount of the tender paid into the registry of the court, and the defendant's motion to direct distribution of the fund is sustained, and the clerk is ordered to distribute said fund to the plaintiff.